Div. 215, 102 N. Y. Supp. 1047, authority for a contrary view to that here expressed. That case arose upon a demurrer, and the complaint, which the court held to be sufficient, alleged that the surplus income belonging to the beneficiary was in the possession of the trustees.

Judgment for the defendants dismissing the complaint.

(128 App. Div. 86.)

### CASEY v. LEHIGH VALLEY R. CO. et al.

(Supreme Court, Appellate Division, Second Department. October 9, 1908.)

1. SHIPPING—OWNER OF DEFECTIVE BOAT—EVIDENCE.

That the tugboat, on which plaintiff was injured while working for one who was making repairs thereon, belonged to and was in the control of defendant the Lehigh Valley Railroad Company is sufficiently shown to take the case to the jury, in the absence of a showing to the contrary, by evidence that the insignia on its smokestack was of the same design displayed by defendant on its office windows, its train schedules, stationery, etc., and this though the initial letter therein, "L. V.," and the insignia, were equally consistent with the ownership in the Lehigh Valley Transportation Company, it not being shown that such insignia was used by the latter company, and there being no presumption that one corporation will use exactly the same design as another.

2. SAME—DUTY OWED BY BOAT OWNER TO PERSON MAKING REPAIRS.

To workmen whose employer sends them on a boat, pursuant to an invitation to it by the owner to make repairs thereon, the owner owes reasonable care; and where in a narrow passage it maintained a manhole with a defective covering, liable to turn over when stepped on, and one of the workmen, going on a lawful errand under the direction of his foreman, stepped on such covering, resulting in his injury, the question of defendant's negligence is for the jury

3. SAME—PROXIMATE CAUSE OF INJURY

Over a manhole in a tugboat, tied up at a dock, was a defective open grate covering, liable to turn over when stepped on; one of the four lugs fitting into sockets about the edge of the hole being broken off. There was also a solid cover, which had been off for at least four days, and which, the evidence tended to show, was for use only when the boat was at sea, to prevent water flowing into the hole. *Held*, that the proximate cause of plaintiff's injury from stepping on the grate was the defect therein; but that, even if the removal of the solid cover was the proximate cause, and it had been off so long that the owner, in the exercise of reasonable care, should have known thereof and comprehended the danger, it was negligent in permitting it to remain off, and so equally liable to plaintiff, who had been invited onto the boat to make repairs.

Appeal from Trial Term, Kings County.

Action by Thomas A. Casey an infant, by Frank J. Casey, his guardian ad litem, against the Lehigh Valley Railroad Company and another. From a judgment for plaintiff against said railroad company, and from an order denying its motion for a new trial, it appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Allan McCulloh (Wm. Woart Lancaster, on the brief), for appellant.

F. A. McCloskey (R. A. Rendich, on the brief), for respondent.

WOODWARD, J.  This action was brought to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendants; th  action being dismissed as against the defendant the Columbia Engineering Works upon the trial.  The plaintiff in 1904 was an office boy in the employ of the Columbia Engineering Works, which company was engaged in making repairs upon a tugboat said to belong to or to be in the control of the defendant the Lehigh Valley Railroad Company.  The tugboat was tied up to the dock of the Columbia Engineering Works, and there was evidence from which the jury might draw the inference that this boat was in the charge of its regular engineer, and that the repairs which were being made by the Columbia Engineering Works were made under the direction of some one representing the defendant railroad company.  The work had been in progress some considerable length of time, when the plaintiff was sent by the foreman of the Columbia Engineering Works to get a pump which was used for pumping the water out of the hold of vessels.  The pump was in the engine room of the tugboat which was undergoing repairs, and the plaintiff, while thus engaged, stepped upon the covering of a manhole, which turned up on its edge, and the plaintiff fell astride of it in such a manner as to produce serious and more or less permanent injuries.  The jury found a verdict against the defendant railroad company for $7,500; the defendant appealing from the judgment entered upon such verdict and from the order denying a motion for a new trial

The defendant contends upon this appeal that there is no evidence that at the time of the accident the boat on which the accident occurred was owned by the Lehigh Valley Railroad Company.  The defendant put in evidence a bill of sale of a boat known as the Mercedes to the Lehigh Valley Transportation Company, and it was claimed that this was the boat on which the accident occurred, and it is insisted that, this ownership in the Lehigh Valley Transportation Company having been shown, the ownership must be presumed to continue until the contrary is shown.  This would no doubt be the rule if it was once conclusively established that such ownership existed.  But in the case now before us the boat described in the bill of sale does not conclusively appear to be the same boat which is here under consideration.  There are certain elements in the description which do not appear to have existed in the boat which was undergoing repairs, and there was evidence which tended to show that the boat was, at the time of the accident, owned or in the control of the Lehigh Valley Railroad Company.  The evidence on the part of the plaintiff, in which the witnesses insisted on characterizing the boat in question as "the Lehigh Valley tugboat," was on motion of defendant stricken from the case; but there was evidence that the boat bore the insignia upon its smokestack of the same design which was displayed by the defendant upon its office windows, its train schedules, stationery, etc., and we are of the opinion that this was sufficient to send the case to the jury upon this question.

It is urged that the initial letters "L. V." and the insignia were equally consistent with ownership in the Lehigh Valley Transporta-

tion Company; but there is no presumption that one corporation will
use exactly the same design as another, and, if such were the case, it
was an easy matter for the defendant to have established the fact.  It
is not for a corporation, with all of the facts fully known to it, to hide
behind the complications which exist in our complex corporate sys-
tems.  When a plaintiff has shown evidence from which the inference
of ownership or control may be drawn, it is proper that the jury be
permitted to determine the question, even though the evidence should
lack in conclusiveness; for it is within the power of the corporation
to disclose the true state of facts, if it is so disposed, and a failure to
do so justifies the inference of ownership or responsible control.  What
has been said upon the question of ownership is equally applicable to
the matter of responsible control, and we are not prepared to hold that
there was any error in submitting the question here under discussion.

It is suggested, however, that the plaintiff was a mere licensee, and
that the defendant railroad company owed him no higher duty than to
refrain from wantonly injuring him.  We are of opinion that this
proposition is untenable.  The Columbia Engineering Works, with
its employés, was invited upon the boat for the purpose of making
repairs.  It was not necessary that there should be an invitation to
the plaintiff particularly.  He was employed by the company making
the repairs, and he was invited there, in common with other employés
of the company, on any lawful mission connected with the work.  The
defendant railroad company, under this invitation, owed him the duty
of reasonable care; and where the evidence showed that on this tug-
boat, with narrow passages on either side of the cabin over the engine
room, the defendant maintained a manhole covered with a defective
covering, so that it was liable to turn over when stepped upon, and
that the plaintiff, under directions of his foreman, was engaged in a
lawful errand, and stepped upon this manhole covering, resulting in
the accident, a question within the province of the jury was presented.
The evidence showed that this manhole covering was an open grate,
with four lugs or prongs, which fitted into sockets around the edge
of the manhole, and that one of these lugs was worn or broken in
such a manner as to make it unsafe to step upon, and that this condi-
tion had existed for a considerable length of time.

It appeared that there was an extra solid cover, which at the time
was removed and placed a considerable distance away, and the de-
fendant urges that it was the removal of this solid cover which was the
proximate cause of the accident. · There was, however, testimony that
this solid cover was for use when the boat was at sea, for the purpose
of preventing the water from flowing into the hold when the sea
overflowed the bulwarks, and the jury might very well have found that
this solid cover was not for use under the circumstances then existing.·
No one removing the solid cover and seeing this grating over the man-
hole would have any reason to expect that it was dangerous, unless he
knew of the defective condition; and it can hardly be said as a matter
of law that the removal of this solid cover, if it was ever to be used,
except at sea, was the proximate cause of this accident.  If the grating
had been in condition, it was as safe as the solid cover; and the de-

fendant, maintaining the grating, thus holding out the suggestion that it was the safe and proper covering, is not in a position to avoid responsibility for the accident because there was another cover which might have been over the place but was not. It appears, at least by inference, that this cover had not been over this hole for several days; for one witness swears that he had observed the condition of the grating for at least four days before the accident, and this would have been impossible if the solid cover had been over it. If the removal of this covering was the proximate cause of the accident, and it had been removed long enough so that the defendant, in the exercise of reasonable care, should have known the fact and comprehended the danger, then it was negligent in permitting it to remain off, and the liability would be the same. We are of opinion, however, that the proximate cause lay closer than this; that it was the condition of the covering which the defendant actually maintained as a practical covering for this manhole while in port.

We have examined the matters further urged upon the attention of this court, but without discovering reversible error. The verdict, while of considerable amount, is not so far excessive as to warrant this court in interfering under the modern rule in such cases. There is some evidence that the injuries, which have been very painful, will be permanent, in some measure, at least. It is true that there is no evidence of a permanent impairment of earning capacity; but injuries which must continue to demand surgical attention indefinitely are deserving of compensation, and the evidence in this case is that the plaintiff must be operated upon once or twice a year to preserve him from stricture.

The judgment and order appealed from should be affirmed, with costs. All concur.