JAMES J. LYMAN, Respondent, *v.* PUTNAM COAL AND ICE COMPANY, INC., Appellant.

Second Department, April 5, 1918.

**Negligence — injury to employee of construction company by high tension wire in defendant's factory — evidence not justifying recovery — unforeseen accident — when negligence a question of law and when question for jury.**

The plaintiff, a steamfitter, employed by a construction company under contract to do certain work in the defendant's factory who was sent to the factory for that purpose, was neither a trespasser nor a licensee but came upon the defendant's premises on a business in which both the defendant and his employer were interested. Hence the relation between the parties was such that the defendant owed the plaintiff a duty

to use reasonable care that he should not be exposed to risk through a defective or unsafe condition of the premises.

But the defendant is not liable for personal injuries to the plaintiff caused by an electric shock from a high tension wire in the factory, which the plaintiff touched while taking measurements, where the wire, although not insulated, was .ten feet above the floor of the factory and thus out of reach and the plaintiff came in contact therewith by climbing upon a temporary rail. Under the circumstances the defendant was not negligent in failing to anticipate that the plaintiff would be injured by contact with the wire although he was ignorant of its existence.

Where the facts are undisputed and the inferences from them plain and certain, negligence is a question of law, otherwise a mixed question of law and fact to be answered by the jury under proper instruction as to the law.

APPEAL by the defendant, Putnam Coal and Ice Company, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 5th day of July, 1917, upon the verdict of a jury for $13,500, and also from an order entered in said clerk's office on the 28th day of July, 1917, denying defendant's motion for a new trial made upon the minutes.

The defendant owned and operated a factory for the manufacture of artificial ice. A crane, carrying a trolley or hoist, was used in the tank room to lift and carry the ice. The crane ran on tracks placed on top of a beam fastened to the side wall about ten feet above the floor, and of another parallel beam running through the center of the room. The crane was moved by hand, but the hoist was moved to and fro upon the crane and lifting power applied by electricity fed from two wires running along the beam which supported the track against the wall, about ten feet from the floor. They were charged with 440 volts of electricity. The plaintiff was a steam fitter employed by the Shipley Construction and Supply Company, and was sent to the defendant's factory to work upon a construction contract made between the York Manufacturing Company and the defendant, which was being carried out, in whole or in part, by the Shipley Company. In the prosecution of his work it became necessary to measure the distance from the floor of the tank room to the top of the crane in order that a pipe could be carried through the wall without interfering with the crane. The plaintiff, knowing nothing of the charged wires, went into

the tank room, climbed up on a temporary wooden rail to measure and mark on the wall the height of the top of the crane, and, while so engaged, received a severe shock from the wires, resulting in an injury for which he has recovered a judgment, and from that judgment defendant appeals.

*James J. Mahoney* [*George J. Stacy* with him on the brief], for the appellant.

*Edwin A. Jones* [*Joseph M. Baum* with him on the brief], for the respondent.

BLACKMAR, J.:

The plaintiff was neither a trespasser nor a licensee on defendant's premises. He was there by the invitation of defendant upon a business in which both the defendant and plaintiff's employer were interested. The relation of the parties was such that the defendant owed plaintiff a duty to use reasonable care that he should not be exposed to risk through a defective or an unsafe condition of the premises. (*Holmes* v. *North Eastern Railway Co.*, L. R. 4 Exch. 254; affd., 6 id. 123; *Corby* v. *Hill*, 4 Com. B. [N. S.] 556; *Casey* v. *Lehigh Valley Railroad Co.*, 128 App. Div. 86; *Dunn* v. *Cavanaugh*, 185 Fed. Rep. 451; *Heskell* v. *Auburn L., H. & P. Co.*, 209 N. Y. 86; *Braun* v. *Buffalo General Electric Co.*, 200 id. 484.)

The serious question is whether there is evidence of a violation of this duty, or, in other words, evidence of negligence. When the facts are undisputed and the inferences from them plain and certain, negligence is a question of law, otherwise a mixed question of law and fact to be answered by the jury under proper instruction as to the law. In this case the unguarded wires, carrying a high voltage of electricity, were dangerous. If they were so located that a reasonable man should anticipate that they would cause injury to those rightfully on the premises, it was negligent to leave them so unguarded. The case, therefore, turns on this question: Whether danger from them might reasonably be anticipated. This, I think, is inherently a question of fact. No amount of legal learning will qualify to answer it. A juror, especially

.one experienced in the handling of natural forces, is more competent than a judge; an engineer is more competent than a lawyer. Where any question is referable to the ordinary experience of mankind, it is a question of fact. In this respect the question is akin to that of contributory negligence. (*Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 464.) But in certain cases the conclusions to be reached appear so certain that it cannot be conceived that reasonable men would differ. In such cases the court, as an administrative necessity, adjudges the act either negligent or not as the case requires. This jurisdiction of the court is referable to its power and duty to determine whether or not there is evidence; and according to the law as now laid down by our Court of Appeals, this means not literally whether there is any evidence at all, but whether there is sufficient to support a verdict. (*Matter of Case*, 214 N. Y. 199.) So the concrete question decisive of this appeal is whether there is sufficient evidence to support a finding that a man of ordinary prudence would anticipate that injury might result from the condition of the wires, unguarded either by material construction or sufficient warning.

The two wires ran along a beam on the side of the wall about ten feet above the floor and out of reach by one standing there. In the ordinary operation of the work at the factory, no one would be exposed to danger from them. The circumstances under which plaintiff received the shock were peculiar. Such a combination of circumstances whereby any one should undertake to measure the distance from the floor to the top of the crane, and in so doing should stand on a temporary railing put up for construction purposes, and so bring himself in contact with the wires, could not in reason be foreseen; nor do we see how the defendant was negligent in not anticipating danger from contact with the wires. The question of guarding these wires is akin to the statutory duty to guard machinery, and it has been held that such duty does not exist when the machinery is so located that danger therefrom could not reasonably be expected. (*Glens Falls P. C. Co.* v. *Travelers' Ins. Co.*, 162 N. Y. 399; *Wynkoop* v. *Ludlow Valve Mfg. Co.*, 196 id. 324; *Kimmerle* v. *Carey Printing Co.*, 144 App. Div. 714.)

As the evidence is that plaintiff did not know of the existence of the live wires, nor see them, the issue of contributory negligence was properly disposed of.

The feeling which pervaded the community generally, including both jurors and judges, that business should bear the loss of the injury to human as well as inanimate material which is incidental to its prosecution, without too curious an inquiry into the cause, has found its expression, and satisfaction, in the Workmen's Compensation Law. The intricate maze of law, both common law and statutes, with its delicate and refined distinctions, which governed the question of employers' liability, has in great measure been supplanted by a logical and human system of compensation for injuries. It is unfortunate that plaintiff either did not have or did not seek compensation under that law.

The judgment and order should be reversed and complaint dismissed, with costs.

Present — JENKS, P. J., MILLS, RICH, BLACKMAR and KELLY, JJ.

Judgment and order reversed and complaint unanimously dismissed, with costs.