AUGUST GLASS, Respondent, *v.* GENS-JARBOE, INC., Appellant, et al., Defendants.

GENS-JARBOE, INC., Third-Party Plaintiff-Respondent, *v.* BARKER BROS. PAINTING CORP., Third-Party Defendant-Appellant.

First Department, June 18, 1952.

*Hobart R. Marvin* of counsel (*Lillian E. Cuff* and *James I. Cuff* with him on the brief; *Richard A. Koehler,* attorney), for third-party defendant-appellant.

*Joseph Kane* of counsel (*Fred H. Rees* with him on the brief; *Evans, Rees, Orr & Walsh,* attorneys), for appellant and third-party plaintiff-respondent.

*Moe Levine* of counsel (*Bernard Meyerson* with him on the brief; *William W. Heiberger,* attorney), for respondent.

PECK, P. J. Plaintiff, who was employed by a painting subcontractor, brought this action against the general contractor for personal injuries sustained while doing painting in a building under construction by defendant. The accident resulted from the collapse of a scaffold which plaintiff and a coemployee had rigged up. The cause of the accident was a defective plank

which plaintiff had selected and taken from a stack of planks in a nearby corridor. The planks were not the property of either plaintiff's employer or defendant. They had been left there by the plastering subcontractor. Plaintiff had been instructed not to use any material not belonging to his employer and if he needed any material of another contractor to ask someone in authority for it. He claims that he asked and received clearance for the use of the plank from the superintendent for defendant, one Rabbe.

Plaintiff's version of his conversation with Rabbe is contained in the following extract from his testimony: " Q. Will you tell us as nearly as you can, please, what you said to him, what he said to you, and what you both did, if anything, and keep your voice up, please. A. I asked Mr. Rabbe, ' I am short a plank. Our kickers are too large and too big.' So walking down to our job, our room, what we want to paint, so he pointed out, there was a lot of planks laying there piled up, so he pointed out, he said, ' Well,' he said, ' any of them planks good? Is that plank good enough? Or, will that plank do it?' I said, ' Yes, it will, but it is not ours. It is not our plank.' ' Well,' he said, ' it is all right with me. Go ahead and use it.' So I picked the plank up."

It is clear from this evidence that plaintiff was not handed the plank and told to use it. He was simply allowed to take and use a plank of his own choosing. The plank selected proved to be defective. There was, however, no notice to defendant of the defect and it is apparent that plaintiff had a better opportunity than defendant to examine the plank and determine whether it was fit for his use (*Burnstein* v. *Haas,* 272 App. Div. 1051, affd. 298 N. Y. 596).

It had to be conceded on the argument, therefore, that no cause of action in negligence was made out and plaintiff sought to sustain his verdict on an alleged violation of section 240 of the Labor Law, the contention being that plaintiff was supplied with and directed by defendant to use the defective plank. The case was analogized to *Broderick* v. *Cauldwell-Wingate Co.* (301 N. Y. 182), where plaintiff, a carpenter, addressed to the superintendent of the general contractor what was obviously an inquiry as to safe proceeding and was told " Go ahead. It is all right." In that situation the court observed that the plaintiff's evidence of his conversation with the superintendent might well have constituted an assurance of safety, and that implicit in the verdict was a finding that defendant's employee was negligent in giving plaintiff a direction to work under an

assurance of safety when he knew or should have known that a dangerous condition existed, and that plaintiff, in reliance thereon, was free from contributory negligence.

In the instant case, any question of contributory negligence aside, there was nothing akin to an assurance of safety, nothing to suggest that defendant's employee knew or should have known of a dangerous condition, and nothing resembling a direction to use the plank. Plaintiff received only a passing permission to use what he wanted and what he determined to be appropriate for his own purpose. There is no question of interpretation of the superintendent's alleged instructions, as there was in the *Broderick* case (*supra*), or relation created by the circumstances which would make defendant responsible for plaintiff's use of the plank.

The judgment and order appealed from should be reversed, with costs to appellants, and the complaint dismissed.

VAN VOORHIS and BERGAN, JJ., concur; COHN, J., dissents and votes to affirm.

Judgment and order reversed, with costs to appellants, and the complaint dismissed. Settle order on notice.