JOHN KEMBLE, Respondent, v. ROTH-SCHENKER CORP., Appellant.— The hole into which plaintiff's leg plunged was, according to his testimony, full of mud and water. It was evidently not discoverable as a hole at the time, and there was no showing as to how long it had existed or that it had existed for a sufficient length of time that, in the exercise of reasonable care, the defendant should have learned of the condition. Judgment unanimously reversed, with costs to the appellant, and judgment is directed to be entered in favor of the appellant dismissing the complaint herein, with costs. Present — Peck, P. J., Dore, Cohn and Callahan, JJ.

SAGOBEL DEVELOPMENT CORP., Respondent, v. SADIE COHEN, Defendant, and JOSEPH G. COHEN, Appellant.— The facts alleged do not show any justiciable controversy existing between the parties requiring settlement of their jural relations by declaratory judgment at this time. If it should subsequently develop that there is a dispute between the parties which requires or warrants a declaratory judgment, the plaintiff may, upon proper allegations showing a dispute, institute another action should it be so advised. Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted. Present — Peck, P. J., Cohn, Callahan and Breitel, JJ.

In the Matter of HERBERT J. DE VARCO, Respondent, against TEMPORARY STATE HOUSING RENT COMMISSION, Appellant, and RIVERSIDE NINETIETH CORP., Intervener, Appellant.— The Rent Administrator was entitled to consider the experience in the preceding year under the previous ownership in determining the net return. His construction of the statute is a reasonable one. We also hold that the Administrator was not arbitrary and was entitled to find that the assessed valuation should be used, despite the recent sale at a lower figure. Order unanimously reversed, with one bill of $20 costs and disbursements to the appellants, the determination reinstated and the petition dismissed. Present — Peck, P. J., Dore, Van Voorhis and Breitel, JJ.

CAFE TOKAY, INC., Respondent, v. CHAIN SOCIAL CLUB, INC., Appellant.— By including "meeting room" with theatres, arenas and exhibition halls, the Legislature apparently intended that there be something public about a meeting room, as there is with respect to a theatre, stadium or exhibition hall. In this case the tenant's [appellant's] space is being put to a private use rather than a public or semipublic use. This court in a ruling on the 1949 amendment in the case of *1481 Broadway Corp.* v. *Maiden Lane Ballroom* (277 App. Div. 870) said as follows: "unless the space occupied by a tenant falls within the precise definitions of what is a place of public assembly the emergency rent law is applicable." The Court of Appeals affirmed this holding in 302 New York 850. Determination unanimously reversed, with costs to the appellant in all courts and the judgment of the trial court dismissing landlord's [respondent's] petition and granting a final order for the tenant reinstated. Present — Peck, P. J., Dore, Cohn and Callahan, JJ.