Arthur Markewich, J.
Petitioner moves for review and annulment of an order denying a protest. We find here involved a challenge to the third paragraph of amendment 50 of the State Rent and Eviction Regulations, which affects subdivision 5 of section 33 of the regulations. The amendment was issued February 1, 1956, and prohibits the filing on or after that date of an application to secure a hardship increase unless the applicant has been the landlord of the property for at least one year.
In its opinion denying the protest respondent supports the amendment by reference to its statement of considerations. While the statement declares the third paragraph of the amendment to reflect a change in policy, it appears that, as a matter of fact, there was no prior policy. There is no change of policy, but rather the adoption of a regulation by amendment which denies to some landlords a right which the act grants to them. The act provides for no waiting period in any circumstances, and a regulation which would do so is repugnant to the statute and lays down a legislative fiat rather than a policy.
In Matter of De Varco v. McGoldrich (281 App. Div. 955) Avhich arose prior to the amendment, a change in ownership occurred while the commission was considering an application for a hardship increase. The commission determined that the experience of the preceding year under the previous ownership afforded a proper basis upon which to reach the net return, taking the position that a rent increase application under subdivision 5 of section 33 of the regulations is an in rem proceeding and that the commission is under injunction by the statute to discover the rental income from the property during the test period of the preceding year, irrespective of the identity of the owner and the duration of his ownership. The commission argued then before the court that to require a landlord to use his own test year would be to require him to wait one year after acquiring title and would contravene the legislative intent. While Special Term set the increase aside, the Appellate Division reversed, sustaining the commission’s view.
*99 Whatever were the considerations for the amendment, no change in policy was effected by it in a permissible area of discretion. There was rather a change in construction of the statute as viewed during the De Varco case, and accordingly, of the commission’s duty in processing such applications under the statute.
The first two paragraphs of amendment 50 (not now before the court) relate to evaluation which, by statute, is based on assessment or, in certain cases, upon value different from the assessed valuation. The commission determined by the first two paragraphs to consider only assessed valuation under what it referred to as a clarification of policy. In ruling such paragraph of amendment 50 invalid and void, Mr. Justice Hecht stated:
“ The fact is, however, that increases of maximum rents under subdivision 5 of section 33 of the regulations, where the property does not earn the statutory minimum, are mandatory and are granted as a matter of right, not as favors.” (Matter of 340 East 57th St. Corp. v. Weaver, 3 Misc 2d 356, 361, affd. 2 A D 2d 678.)
The statement of consideration is illusory and unrealistic and is an arbitrary basis for the change of policy, if it is one, and if the commission has the power to regulate in that fashion. Going beyond the references made above, we find that the statement relies on experience as showing that new owners often change methods of operation and effect economies which change the operation position of the property; therefore, applications should be entertained only upon a one year’s experience of the applicant and not of a predecessor.
In the opinion denying protest respondent enlarges upon the statement of considerations but furnishes no statistics. It has not been demonstrated that new owners are in any way more derelict than old owners after they have received rent increases. After increases have been granted new and old owners are alike under the same restraints imposed by the rent act and the regulations. In addition, by the time the application is processed, the new landlord has indeed become an old owner and by the time of decision has already served practically all his ‘ ‘ probation ’ ’ so that there is no reasonable basis for further distinction as between new and old owners. Nor is it realistic to suggest that tenants fear to complain against new landlords in order to maintain good relations, as though that fear would be substantially different vis-a-vis old owners.
Another purported intent of the amendment is to assure to the tenants during the waiting period that essential services *100 will not be reduced; this in effect grants a remedy or imposes a condition in addition to those already fixed by the statute and the regulation prior to amendment. The imposition of a waiting period to prevent a speculative spiral is in like manner properly the subject of legislative action. All of the considerations appearing in the statement and in the opinion denying protest fail to establish either proper basis for action or regulation or that an area of discretion under the rent act is indicated. What is termed a statement of considerations actually reads more like a marshalling of arguments to be addressed to a legislative body in support of proposed statutory enactments.
Accordingly, the motion is granted, the order denying protest is annulled, and the third paragraph of amendment 50 is declared invalid and void. Settle order forthwith.