■ ANTHONY ITALIANO, Respondent, v. JEFFREY GARDEN APTS. SECTION II, INC., et al., Appellants.— In an action to recover damages for personal injuries, alleged to have been incurred as a consequence of defendants' negligence, defendants appeal from separate orders severally denying their respective formal motions for a dismissal of the complaint and the entry of judgment in their favor, amounting to a directed verdict, pursuant to section 457-a of the Civil Practice Act and rule 60-a of the Rules of Civil Practice, made after the jury had disagreed on a verdict after an eight-day trial of the issues. The defendants Jeffrey Garden Apts. Section II, Inc., and Atlas Fence Company additionally appeal from the denial of their respective oral motions to dismiss the complaint, made at the end of the plaintiff's case and at the close of the entire case. Orders reversed on the law, with costs, motions granted, and complaint dismissed. The respondent, a bricklayer's helper with more than 10 years' experience, was injured when he fell from the roof of a garage located on premises upon which construction for a housing development was in progress. He was on the premises as an employee of the masonry subcontractor. On the day prior to his injury, by use of a scaffold as his place of work, respondent and two others were engaged in washing down the exterior of a courtyard brick wall with a preparation of acid and soda. The scaffold was descending toward the level of the garage roof, located about 10 feet above ground level. Parallel with the edge of the roof, and set in about 12 to 15 inches, there was a line of upright poles, spaced about 6 feet apart. The end pole was about 10 or 12 inches away from the wall above mentioned and in the path of the descending scaffold. These poles had been erected as a preliminary step in the construction of a chain link wire fence planned to be three feet, six inches high, when completed. On the day of the accident, the fence was still incomplete, without wiring or crossbars affixed. Respondent knew that the work of putting up the fence was still unfinished. His claim is that on the day before the accident, one of the construction superintendents of the appellant Jeffrey Garden, owner and general contractor, had been informed that the end pole hindered the scaffold from further descent. The construction superintendent directed respondent and his fellow employees to leave the pole undisturbed, take down the scaffold, and wash the wall from the garage roof. On the day of the accident, respondent used the garage roof as a platform instead of the scaffold. He squeezed himself in between the end pole and the wall, grasped the pole with his left hand, clutched his brush with his right hand, and crouched forward to reach a portion of the wall which extended out about two feet from the edge of the roof. Upon the first stroke of the brush, the pole collapsed, and respondent and the pole were precipitated to the ground level. Affording the respondent the benefit of every fact that a jury could find from the proof and every reasonable inference that might be drawn therefrom, we are unable to ascribe any actionable negligence on the part of the appellants which required submission of that question to the jury (*Gallagher* v. *Citizens Water Works,* 278 App. Div. 792, affd. 303 N. Y. 805). In our view, appellant Jeffrey Garden owed to respondent the duty of furnishing him with a safe place to work (*Wohlfron* v. *Brooklyn Edison Co.,* 238 App. Div. 463, affd. 263 N. Y. 547). That duty did not embrace, however, requirements " beyond the bounds of what is practicable and reasonable " (*Caspersen* v. *La Sala Bros.,* 253 N. Y. 491, 495), or necessitate that the owner intervene to deter a subcontractor's employee from doing his work without a safety device which the subcontractor neglects to furnish (*Borshowsky* v. *Altman & Co.,* 280 App. Div. 599, affd. 306 N. Y.

798). In the case at bar, respondent's employer had the contractual duty to act as an "independent contractor", to furnish all tools, scaffolds, equipment and supplies, and to provide a foreman. That employer, however, did not provide respondent with any safety equipment or any foreman to give direction as to the method of work to be pursued in the area where respondent was injured, while he was at work on such employer's business at the place where such business had to be pursued. The owner does not breach his duty when the place in which a subcontractor's employee is injured is neither a place of work provided by the owner nor a way of approach thereto (*Gambella* v. *Johnson & Sons*, 285 App. Div. 580, 582; *Butler* v. *D. M. W. Contr. Co.*, 286 App. Div. 828, affd. 309 N. Y. 990). Respondent's voluntary use of the pole of an incomplete fence, as a place of work, did not impose upon appellant Jeffrey Garden the responsibility for the collapse of the pole. An owner's duty to furnish a safe place to work is not breached when a subcontractor's employee puts a common structural object to an unintended or unusual usage (*Marshall* v. *City of New York*, 308 N. Y. 836). The direction by the construction superintendent to wash the wall from the garage roof did not constitute permission to use the pole as a working facility. In any event, the mere direction, unbuttressed by proof that appellant Jeffrey Garden had notice of a defect in the pole, or had given assurance of safety in the use thereof, did not cast the responsibility upon said appellant for the respondent's use of the pole (*Glass* v. *Gens-Jarboe, Inc.*, 280 App. Div. 378, affd. 306 N. Y. 786; *Kemble* v. *Roth-Schenker Corp.*, 281 App. Div. 955, affd. 306 N. Y. 898). Why respondent could not have used a box which he indicated was an available method of washing the wall, or why he failed to use a stepladder, available to his coworker, is not established in the proof. Such box or stepladder more readily suggests itself as a natural aid to a workman seeking to reach an outlying area than does the pole here involved. If such a natural aid had failed, the owner might bear the responsibility for its use, authorized by permission, express or implied (cf. *Peck* v. *Weil*, 231 App. Div. 670; *Shines* v. *W. & Y. Realty Corp.*, 259 App. Div. 596, affd. 284 N. Y. 647). Under the circumstances, the appellant Jeffrey Garden was not proved guilty of any breach of duty as owner or general contractor. In our opinion, the appellants Atlas and Fox, as subcontractors, either jointly or severally responsible for installing the fence, had no duty to furnish an adequate pole as a safe place for respondent's work (*Dittiger* v. *Isal Realty Corp.*, 264 App. Div. 279, 281, revd. on other grounds 290 N. Y. 492). In any event, it cannot fairly be said that any appellant herein should have anticipated the peculiar and unique circumstances of respondent's injury, caused by his self-projection into an area where a reasonably prudent man would not foresee a place of peril in the course of usual activities (*McPartland* v. *State of New York*, 277 App. Div. 103, 107, motion for leave to appeal denied 302 N. Y. 950; *Lyman* v. *Putnam Coal & Ice Co.*, 182 App. Div. 705, affd. 230 N. Y. 548; *McKinney* v. *New York Cons. R. R. Co.*, 230 N. Y. 194, 198; *Troidle* v. *Adirondack Power & Light Corp.*, 252 N. Y. 483, 487; *Collins* v. *Noss*, 258 App. Div. 101, 102–103, affd. 283 N. Y. 595; *O'Connor* v. *1751 Broadway*, 1 A D 2d 836, 837, affd. 2 N Y 2d 769; *Rosen* v. *Bronx Hosp.*, 308 N. Y. 925, 926; *Trent* v. *City of New York*, 286 App. Div. 479; *Lefkowitz* v. *Greenwich Sav. Bank*, 293 N. Y. 711). The appeals from the denials of the oral motions to dismiss, made by appellants Jeffrey Garden and Atlas, at the end of the respondent's case and at the close of the entire case, are dismissed, as academic. Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ., concur.