Samuel H. Hofstadter, J.
Motion, by plaintiffs, for summary judgment.
This is an action for a declaratory judgment adjudging that section 33 (subd. d, par. [1]) of the Bent, Eviction and Behabilitation Begulations, promulgated by the defendants, is invalid.
It appears that as a result of a hardship application filed on May 4, 1961, plaintiffs received, on October 31, 1962, increases in the maximum rents on various apartments in the building owned by them. The increase amounted to 3.3% of the rental income on the building. Six months thereafter, plaintiffs filed a further hardship application with defendants. The application was filed and accepted more than two years after the filing of the first application. Defendants have refused to issue orders effecting increases in maximum rents for a period of two years from the date of the first order on the ground that section 33 (subd. d, par. [1]) provides that no more than one 6% net return increase may be ordered in a 24-month period.
Plaintiffs contend that section 33 (subd. d, par. [1]) is invalid and contrary to the rent control law in that the only limitation provided by law (Administrative Code of City of New York, § Y51-5.0, subd. g, par. [2]) is that the total of all adjustments in any two-year period shall not exceed 15%. Plaintiffs, therefore, claim they are entitled to have their present application promptly processed.
Section 33 (subd. d, par. [1]) provides as follows: “ No more than one order adjusting the maximum rent for any housing accommodation under Section 33.5 of these Begulations may be issued in any twenty-four month period and, except as provided in Section 33.5(g) of these Begulations, the adjustment granted by any such order shall not exceed 15 percent.”
Section Y51-5.0 (subd. g, par. [1], subpar. [a], cl. [2]) of the Administrative Code provides as follows:
‘ ‘ An application for an increase in any maximum rent under this subparagraph (a) may not be filed with respect to any property if, on the date when the application is sought to be filed:
“ (i) Less than two years have elapsed since the date of the filing of the last prior application for an increase with respect to such property under this subparagraph (a) or under the provisions of subparagraph (1) of paragraph (a) of subdivision four of section four of the state rent act (where such last prior application was filed prior to May first, nineteen hundred sixty-two), which application resulted in the granting of an increase ” (emphasis added).
*972 Section Y51-5.0 (subd. g, par. [2]) provides: “ The total of all adjustments ordered by the city rent agency pursuant to subparagraphs (a) and (c) of paragraph (1) of this subdivision g for any individual housing accommodation shall not exceed 15 per centum for any twenty-four month period ”.
The meaning of these provisions of the Administrative Code is clear and lends itself to but one interpretation. A landlord must wait until two years after the filing of its last application before it may once again apply for an increase in maximum rent, and the total permissible increase on any accommodation during a 24-month period is 15%. The regulation presently attacked is not in accord with these sections. The fact that a landlord must wait two years from the filing of its last application before filing another application does not mean that two orders cannot be issued in a 24-month period. The Administrative Code does not provide for the waiting period set forth in section 33 (subd. d, par. [1]) and a regulation which would provide such a waiting period “ is repugnant to the statute and lays down a legislative fiat rather than a policy.” (Matter of Florell Equities v. Weaver, 5 Misc 2d 97, 98, affd. 2 A D 2d 542, affd. 2 N Y 2d 982.) “ Contrary to the statutory intent, the challenged regulation attempts to impose an arbitrary standard that would preclude both bona fide and suspect applications for adjustments ” (Matter of Florell Equities v. Weaver, 2 A D 2d 542, 543-544). Increases of maximum rent under subdivision 5 of section 33 of the regulations, when warranted, are mandatory (Matter of 340 East 57th St. Corp. v. Weaver, 3 Misc 2d 356, affd. 2 A D 2d 678).
No triable issues of fact being presented, and the only issue of law raised having been decided in plaintiffs’ favor, this motion is granted.