Joseph A. Gavagan, J.
This is a proceeding instituted by a tenant under article 78 of the Civil Practice Law and Buies to review a determination of the City Bent and Behahilitation Administrator, which determination increased the maximum rents on petitioner’s apartment and other apartments in the building in which he resides pursuant to the net return (hardship) provisions of the City Bent, Eviction and Behahilitation Begulations.
The pertinent facts are as follows:
On November 1, 1960 the landlord filed his first “ hardship ” application. On September 14, 1961 the local rent office issued an order, effective the same day, increasing the maximum rents on apartments in the subject building. A protest was filed by the tenants. While the protest was pending, the landlord collected the increased rents from the tenants. It collected $1,950 during the period from September 14, 1961 to February 17, 1962. While the protest was pending, chapter 21 of the Laws of 1962 was enacted. This chapter rescinded all rent increase orders issued by the State Bent Commission on or after June 30, 1961. The amendment conferred no rights on tenants to recover the rent increases paid prior to February 17, 1962. On February 23, 1962 the State Bent Administrator remanded the pending protest to the local rent office for action in accordance with the amended law, and on February 28, 1962 the Local Bent Administrator issued an order rescinding the increases after February 17,1962.
Chapter 21 also transferred the administration of rent control to the City of New York (eff. May 1, 1962). After May 1, 1962 the landlord’s application was reopened for review and reprocessing in accordance with the new law governing “ hardship ” applications. On May 29, 1962, before any further action had been taken on its application, the landlord, by letter, requested that its application be withdrawn. The District Bent Director thereupon issued an. order which revoked the orders issued on September 14, 1961. The order was made effective *494 September 14, 1961. On July 3, 1962 the landlord filed a new application for rent increases under the appropriate provisions of the City Rent, Eviction and Rehabilitation Regulations. The District Director, on! March 8, 1963, as a result of that application, issued orders increasing the maximum rents. The tenants’ protests against those orders were denied by respondent, and this proceeding was instituted.
The petitioner herein depends on section 33 (subd. d, par. [1]) and section 33.5 (subd. c, par, [2]) of the Rent, Eviction and Rehabilitation Regulations and on the fact that in its second application the landlord stated that “No previous application pursuant to Section 33.5 had ever been made nor had any present increase ever been granted regarding the subject premises
Section 33 (subd. !d, par. [1]) which provides that no more than one 6% net return increase may be ordered in a 24-month period, has been held invalid in a well-reasoned recent decision of this court (Miller v. Gabel, 41 Misc 2d 970 [Hofstamer, J.]). That case, in effect, upheld section 33.5 (subd. c, par. [2]) of the Rent, Eviction and Rehabilitation Regulations as follows (p. 972): “A landlord must wait until two years after the filing of its last application before it may once again apply for an increase in maximum rent.”
The respondent found that “as a matter of law there was no prior proceedings within two years from the date of filing of the instant application”. This presents the only question to be determined hereon. The first application was filed on November 1, 1960, and the second application was filed on July 3,19-62 (less than two years thereafter).
While it is true thait the landlord did file its second application within two years after it had filed its first application, it is likewise true that the first application was withdrawn prior to the time that the orders issued as a consequence of that had become final. Those orders were revoked as of the date of their issuance. Respondent’s findings that “there was no prior proceeding within two years from the date of filing the instant application ’ ’ and that ‘1 The landlord did not make a misstatement of a material fact on its application ’ ’ are not arbitrary and do not constitute an abuse of its discretion.
It is clear from the record before the court that the landlord is entitled to an increase in the maximum rents on the subject premises and that such increase must stem from the second application filed by the landlord, as the first application became a nullity as a result qf the retroactive orders issued on July 12, 1962. However, it is: also clear that since the first application was revoked as of the date of its issuance, the increased rents *495 collected by the landlord thereunder may not be retained by it.
Under the unique facts involved herein, the orders issued by respondent should have provided for the return of the increased rents collected by the landlord. Whether that may be accomplished by means of a setoff against rents to become due or otherwise is to be left to the discretion of the respondent Administrator. Therefore, this application is granted only to the extent of remitting this matter back to respondent for the amending of the orders issued herein in accordance with this decision.