Gerald P. Culicin, J.
Application for an order, pursuant to article 78 of the CPLR, setting aside the order on protest insofar as it modified the original orders of respondent and reinstating said original orders, is denied. The parties are in general agreement as to the operation of the applicable regulations in respect of hardship rent increases. A landlord must wait until two years after filing of its last hardship application before it may again apply for an increase in maximum rent and though more than *155 one increase order may issue within a 24-month period the total permissible increase on any accommodation during a 24-month period is 15%. (Miller v. Gabel, 41 Misc 2d 970, affd. without opn. 21 A D 2d 855; N. Y. C. Rent, Eviction and Rehabilitation Regulations, § 33, subd. d., par. [1].) On July 1, 1961 petitioner applied for an increase and the same was granted by order dated October 4, 1962. Pursuant to a long-standing policy, the propriety of which petitioner readily concedes, respondent uses the date of application for a hardship increase as the “ cut-off ” date for determining the 15% maximum allowance, and thus measured the 15% maximum for the 24-month period from October 4,1962 to October 4,1964, in terms of the maximum rents obtaining on July 1, 1961. Petitioner thereafter applied for a further increase on July 1, 1963 (i.e., two years after the date of the last application) and increases were granted on May 19, 1964. As a result of the decision in Miller v. Gabel (supra), respondent issued dual orders, providing (1) for full increases to take effect on October 5,1964 and (2) for interim increases. In connection with her denial of subsequent protests from tenants, respondent modified the interim increase orders so as to make them conform to the statutory limitation of 15%. Petitioner attacks this modification, assigning as error the use of the test date or cutoff date of July 1, 1961 for measuring the permissible increases during the period October 4, 1962 to October 4, 1964. (Surprisingly, petitioner raises no objection to the use of such cut-off date as it affects the full increase granted eff. Oct. 5, 1964.) Petitioner argues that the permissible 15% increase should be measured from the rents in force on October 4,1962. This argument is not persuasive. Respondent’s rent increase allocation procedures are well established. (See Matter of Heyman v. McGoldrick, 281 App. Div. 558.) Respondent’s use of a test date or cut-off date is a reasonable approach to the problem presented, a fact which petitioner concedes. Even if petitioner were technically correct, that upon each subsequent application a de novo calculation of permissible increases must be made without regard to prior cut-off dates, the application of such technicality would result in administrative chaos. While the delay between application and approval of increases, resulting from administrative backlog, not infrequently works some temporary hardship, the use of the application date as a cut-off date for calculating increases does not result in any material prejudice to applicants, and is not unlawful, nor does it appear to be unreasonable, arbitrary or capricious. Accordingly, the petition is dismissed.