■ J. ELMER LAWTON, Respondent, v. CUBA NATIONAL BANK, as Executor of FLOYD SCOTT, Deceased, Appellant.— Judgment unanimously reversed on law and facts and complaint dismissed, without costs. Memorandum: Plaintiff was employed by defendant's testate to spread waterproofing compound on the roofs of a building owned by the latter. While performing such work on the roof of a shed plaintiff leaned against a porch railing which broke, causing plaintiff to fall and sustain injuries, for which he has received a substantial monetary award. The principal issue submitted to the jury was whether or not the railing was in a dangerous condition and, if so, whether

by reason of certain proven facts as to a prior temporary removal of the railing, defendant's testate had notice thereof or should have discovered the alleged defective condition by the exercise of ordinary care. Plaintiff's testimony was, however, that he tested the railing by thumping it three or four times "to see if it was solid". We find no proof from which it might have been found that defendant's testate had actual notice that the railing was insecure and it is apparent that plaintiff had a better opportunity than defendant's testate to examine the railing and determine whether it was fit for the unusual and extraordinary use that he intended to make thereof. This being so, it follows that plaintiff may not recover. (*Burnstein* v. *Haas,* 272 App. Div. 1051, affd. 298 N. Y. 596; *Smulian* v. *Independent Warehouses,* 270 App. Div. 1001, affd. 296 N. Y. 880; *Glass* v. *Gens-Jarboe,* 280 App. Div. 378, affd. 306 N. Y. 786; *Mendes* v. *Caristo Constr. Corp.,* 5 A D 2d 268, affd. 6 N Y 2d 729.) (Appeal from judgment of Allegany Trial Term and a jury, in a negligence action.) Present — Bastow, J. P., Goldman, Del Vecchio and Marsh, JJ.