■ DAVE SISU, Appellant, v MILTON WOLINETZ et al., Defendants and Third-Party Plaintiffs-Respondents. ZILELIAN CONSTRUCTION CORP., Third-Party Defendant-Respondent. [606 NYS2d 763] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rosenzweig, J.), dated April 19, 1991, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff asserts that the defendants are liable under Labor Law §§ 240 and 241 (6), as well as under a theory of common-law negligence. The plaintiff, while employed by the third-party defendant Zilelian Construction Corp., sustained hand injuries while operating a power saw during a renovation project in an apartment owned by the defendant-partnership. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. We affirm.

Contrary to the contentions of the plaintiff, Labor Law § 240 has no applicability herein because the plaintiff's injuries did not result from "an elevation-related hazard" (Smith v New York State Elec. & Gas Corp., 82 NY2d 781; see also, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494; Rocovich v Consolidated Edison Co., 78 NY2d 509). The plaintiff's Labor Law

§ 241 (6) claim must also fail due to the inadequacy of his allegations regarding the Industrial Code Regulations purportedly breached *(see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 502). Finally, the plaintiff has failed to present evidence demonstrating that any negligence on the part of the defendants caused his injuries *(see, Lombardi v Stout,* 80 NY2d 290, 295; *Danish v Kennedy,* 168 AD2d 768). Since no factual issue is presented with respect to liability on the part of the defendants, we conclude that they were properly granted summary judgment. Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.