■ Giuseppe DeMattia et al., Respondents, v Van Westerhaut Mola Social & Sport Club, Inc., et al., Appellants. [612 NYS2d 196] —In an action to recover damages for personal injuries based on alleged negligence and violations of the Labor Law, the defendants appeal from an order of the Supreme Court, Kings County (Huttner, J.), dated August 11, 1992, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by granting that branch of the defendants' motion which was for summary judgment dismissing the plaintiffs' cause of action based on

Labor Law § 241 (6) and 200; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Giuseppe DeMattia alleged that he was employed as an independent contractor to repair the roof, gutters, and leaders on a building owned by the defendants and that, on the day of his accident, he was preparing to take measurements. DeMattia did not bring a ladder to the job site, and the defendants did not provide him with one. He stood on an outdoor stairway railing of the pizzeria next door in order to climb up to the roof, lost his footing and fell, sustaining injuries. The plaintiffs commenced this action against the defendants based on alleged violations of the Labor Law, and the court denied the defendants' motion for summary judgment dismissing the complaint.

We conclude that the defendants failed to establish as a matter of law that they are entitled to dismissal of the plaintiffs' claim based on Labor Law § 240 (1). Contrary to the defendants' allegations, the plaintiffs submitted evidence which, if credited by a jury, would establish that, at the time of the accident, the injured plaintiff was a person "employed" to make repairs as that term is used in Labor Law § 240 (1) (compare, Gibson v Worthing Div. of McGraw-Edison Co., 78 NY2d 1108; Chabot v Baer, 55 NY2d 844, affg 82 AD2d 928; Martin v Back O'Beyond, 198 AD2d 479).

Assuming, arguendo, that the injured plaintiff was employed as an independent contractor by the defendants, and thus within the class of persons protected by the Labor Law (see, Haimes v New York Tel. Co., 46 NY2d 132, 137), we nevertheless find that the defendants are entitled to partial summary judgment dismissing the plaintiffs' claims based on Labor Law §§ 200 and 241 (6). No liability attaches under Labor Law § 200 when the injury arises as a result of the contractor's methods of operation (see, Lombardi v Stout, 80 NY2d 290; Vilardi v Berley, 201 AD2d 641; Copertino v Ward, 100 AD2d 565), and the injured plaintiff's decision not to bring his own ladder and equipment to the job site constituted a defect in his methods of operation (see, Persichilli v Triborough Bridge & Tunnel Auth., 16 NY2d 136; Italiano v Jeffrey Garden Apts., 3 AD2d 677, affd 3 NY2d 977). The plaintiffs' claim under Labor Law § 241 (6) must be dismissed due to their failure to present evidence of a breach of the Industrial Code Regulations (see, Ross v Curtis Palmer Hydro-Elec. Co., 81 NY2d 494; Sisu v Wolinetz, 200 AD2d 663). Sullivan, J. P., O'Brien, Santucci and Hart, JJ., concur.