■ FRED POWE, as Administrator of the Estate of GAIL P. POWE, Deceased, Respondent, v GREGORY WISE, Respondent, and CIPPITTELLI BROS. TOWING & COLLISION INC., et al., Appellants. (And Another Title.)—In

consolidated actions, *inter alia,* to recover damages for wrongful death, defendants Cippittelli Bros. Towing & Collision, Inc., and Jackson, in Action No. 1, appeal from an order of the Supreme Court, Queens County, dated December 19, 1978, which denied their motion for partial summary judgment on the wrongful death cause of action. Order reversed, on the law, without costs or disbursements, motion granted, and the cause of action for wrongful death is severed and dismissed as against appellants, with leave to plaintiff to apply at Special Term for leave to serve an amended complaint for wrongful death, if he can properly allege that there are in fact surviving distributees. An essential element of a cause of action for wrongful death (EPTL 5-4.1) is that the decedent be survived by distributees. The failure of the complaint to so allege, renders the cause of action dismissable for failure to state a cause of action. Damiani, J. P., Titone, Gulotta and Shapiro, JJ., concur.