■ JOSEPH CALOMINO, Appellant, v LINCOLN PLAZA TENANTS CORP. et al., Respondents.—Order, Supreme Court, New York County (William Davis, J.), entered June 14, 1990, which *inter alia* granted defendants Marvin Chamlin and Lincoln Plaza

Tenants Corp.'s motion for summary judgment, unanimously affirmed, without costs.

In this personal injury action, plaintiff asserts that defendants are liable under Labor Law §§ 200, 240 and 241 (6) for a back injury purportedly sustained when he was measuring the floor area dimensions of a kitchen. Plaintiff allegedly struck his back on a portion of a waist high exposed gas pipe from where a stove had been removed earlier. Defendant Chamlin was the proprietary lessee/shareholder of the subject apartment in the cooperative building owned by defendant Lincoln Plaza Tenants Corp. Defendant Chamlin had retained the services of defendant Jim Fox, a general contractor, to perform various construction work in the apartment, who removed the stove and, in turn, subcontracted out the kitchen tile work to plaintiff.

On the record before this Court, we conclude that plaintiff has failed to come forward with sufficient evidence demonstrating either that a violation of the Labor Law was a contributing factor to plaintiff's back injury, or that any negligence on the part of defendants Chamlin or Lincoln Plaza Tenants Corp. caused the injury. Therefore, defendants were entitled to summary judgment. *(Herman v Lancaster Homes,* 145 AD2d 926, *lv denied* 74 NY2d 601.) Concur—Sullivan, J. P., Carro, Rosenberger, Ross and Smith, JJ.