■ MARION EMANUEL, as Administratrix of the Estate of NATHANIEL BRYANT, Deceased, Appellant, v R.V.J. CONSTRUC-

TION CORP. et al., Defendants and Third-Party Plaintiffs-Respondents, and GAHAN CORP. et al., Respondents. JAMES MADDAN CONSTRUCTION CORP., Third-Party Defendant-Respondent. —In an action to recover damages for wrongful death, the plaintiff, Marion Emanuel, the Administratrix of the Estate of Nathaniel Bryant, deceased, appeals from an order of the Supreme Court, Nassau County (Morrison, J.), entered February 28, 1990, which granted the motions of the defendants and third-party defendant to dismiss her causes of action founded upon Labor Law § 240 (1) and granted those branches of the additional motions of the defendants and third-party defendant which were to direct her to furnish them with authorization for the production of certain Family Court records. The appeal brings up for review so much of an order of the same court, dated June 8, 1990, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered February 28, 1990, is dismissed, without costs or disbursements, as that order was superseded by the order dated June 8, 1990, made upon reargument; and it is further

Ordered that the order dated June 8, 1990, is modified by adding thereto a provision vacating that portion of the order entered February 28, 1990, which required the plaintiff to authorize disclosure of Family Court records; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The plaintiff's decedent was allegedly drowned when a water main broke, flooding the trench in which he was working. We agree with the Supreme Court, Nassau County, that such an accident does not fall within the scope of Labor Law § 240 (1), as it concerned neither the hazard of working at an elevation nor of injury in the raising and lowering of material *(see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514; *see also, Sandi v Chaucer Assocs.,* 170 AD2d 663, 664).

The Supreme Court erred, however, in ordering the plaintiff to produce Family Court records of a proceeding which determined that the deceased was the father of her child Selina. The Family Court's order, made during the father's lifetime, conclusively established the child's right to inherit as a distributee (EPTL 4-1.2 [a] [2] [A]), and for the purposes of EPTL article 4 it is not subject to collateral attack. The requisites for a wrongful death action have thus been met (EPTL 5-4.1; *cf., Powe v Wise,* 70 AD2d 654). The proceedings leading up to this order are not material to any issue in this case and are

not discoverable *(see, Holmes v DeVincenzo,* 163 AD2d 594, 595). Mangano, P. J., Bracken, Pizzuto and Santucci, JJ., concur.