■ ROBERT D'AVILA, Respondent, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant. NEW YORK CITY TRANSIT AUTHORITY, Third-Party Defendant-Appellant. [613 NYS2d 435] —In an action to recover damages for personal injuries and wrongful death, the defendant third-party plaintiff, City of New York, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated August 14, 1992, as denied its motion for summary judgment dismissing the complaint. The third-party defendant, New York City Transit Authority, also appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, the motion and the cross motion are granted, and the complaint and the third-party complaint are dismissed; and it is further,

Ordered that the appellants are awarded one bill of costs.

The decedent, an employee of the third-party defendant, New York City Transit Authority (hereinafter NYCTA), was killed when a subway train crashed into a crane that he was operating on the subway tracks. The plaintiff, the administrator of the estate of the decedent, brought this action against the City of New York (hereinafter the City), the owner of the premises, alleging violations of Labor Law §§ 200, 240, and 241, as well as common law negligence.

Under the facts of this case, the plaintiff has no cause of

action pursuant to Labor Law § 240. Labor Law § 240 was enacted to protect workers against elevation-related risks *(see, Smith v New York State Elec. & Gas Corp.,* 82 NY2d 781; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Emanuel v R.V.J. Constr. Corp.,* 183 AD2d 698; *Sandi v Chaucer Assocs.,* 170 AD2d 663; *Rocovich v Consolidated Edison Co.,* 167 AD2d 524, *affd* 78 NY2d 509). Labor Law § 240 is not applicable merely because the decedent fell from the crane to the subway tracks as a result of the crash. While the crane was a hoist, and a hoist is one of the safety devices enumerated in Labor Law § 240 (1) that must be "placed" so as to afford the decedent "proper protection" within the meaning of the statute, any improper placement of the crane only risked a collision with an oncoming train.

The plaintiff also has no cause of action pursuant to Labor Law § 200, which is a codification of common-law negligence. The plaintiff failed to rebut the provisions of the lease between the City and the NYCTA which show that the City had relinquished all possession and control of the subway system to the NYCTA and that, therefore, the City had no ability to direct or control the decedent's work *(see, Matera v City of New York,* 169 AD2d 759). The accident was caused by the NYCTA's own tools, equipment, or method of operation, for which the City is not liable *(see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876; *Lombardi v Stout,* 80 NY2d 290).

Finally, the cause of action pursuant to Labor Law § 241 (6) must be dismissed because the plaintiff failed to allege a violation of a specific implementing regulation promulgated under that statute *(see, Ross v Curtis-Palmer Hydro-Elec. Co., supra; DeMattia v Van Westerhaut Mola Social & Sport Club,* 204 AD2d 594; *Narrow v Crane-Hogan Structural Sys.,* 202 AD2d 841).

In light of the foregoing, we need not reach the parties' remaining contentions. Sullivan, J. P., Balletta, Copertino and Santucci, JJ., concur.