■ CAROLYN GENCO, Respondent, v CITY OF NEW YORK, Appellant. [621 NYS2d 627] —In a negligence action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Bernstein, J.), entered November 25, 1992, which is in favor of the plaintiff and against it in the principal sum of $500,000. The appeal brings up for review so much of an order of the same court, dated June 15, 1992, as denied the defendant's motion for summary judgment dismissing the complaint.

Ordered that the judgment is reversed, on the law and the facts, with costs, that portion of the order dated June 15, 1992, as denied the defendant's motion for summary judgment is vacated, and the complaint is dismissed.

The plaintiff, an employee of the New York City Transit Authority, was injured when pallets of subway-car wheels, which were being lifted by a forklift, tipped, causing the wheels to fall on her legs. The plaintiff brought this action against the City of New York, as the owner of the subway system, alleging negligence and a violation of Labor Law § 240 (1).

The cause of action pursuant to Labor Law § 240 (1) must be dismissed because the accident at issue did not arise from the type of elevation-related risk contemplated by the statute (see, Rodriguez v Tietz Ctr. for Nursing Care, 84 NY2d 841; Rocovich v Consolidated Edison Co., 78 NY2d 509; Schreiner v Cremosa Cheese Corp., 202 AD2d 657).

Further, the negligence cause of action against the City must also be dismissed. On the facts of this case, the City, as an out-of-possession lessor of the subway system which retained no right to supervise or control its operation, cannot be held liable in negligence for the plaintiff's injuries (see, D'Avila v City of New York, 205 AD2d 729; Matera v City of New York, 169 AD2d 759). Miller, J. P., Lawrence, Ritter and Santucci, JJ., concur.