■ KURT NUNNENKAMP et al., Appellants, v BAY POINT ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Respondents. DEEPDALE PEST CONTROL AND INSPECTION CO., INC., et al., Third-Party Defendants-Respondents. [622 NYS2d 592] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated September 3, 1993, which granted

the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified by deleting the provision thereof granting that branch of the defendants' motion which was to dismiss the cause of action under Labor Law § 200 and substituting therefor a provision denying that branch of the defendants' motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Kurt Nunnenkamp, a pest control operator, was injured while applying a soil treatment at the construction site of a condominium complex being developed by the defendants. Specifically, the injured plaintiff was spraying the soil treatment along the inside of the foundation wall of unit No. 46 as a prelude to pouring the concrete for the unit's floor. At the time of the accident, the injured plaintiff was slowly moving along the inside of the foundation wall, when he backed into a jagged, copper pipe, which pierced his pants and punctured his scrotum. The subject copper pipe was one of approximately 12 to 15 which rose up from the dirt floor throughout unit No. 46. However, according to the injured plaintiff, while the other pipes were cropped off at about ankle height, the subject pipe was approximately 30 inches in height, "bent", and "[p]ointy". The injured plaintiff further testified that there were no covers or guards over any of the pipes and that mounds of dirt higher than the subject pipe were piled throughout unit No. 46. Further, both the injured plaintiff and his assistant, who had been working together at the time of the accident, testified that they had not noticed the subject pipe prior to the accident.

The plaintiffs alleged that the defendants were negligent in permitting unit No. 46 to be and remain in a dangerous condition. In support of their claim, the plaintiffs alleged that the defendants, as owners and contractors responsible for the condition of the subject premises, violated Labor Law §§ 200, 240, and 241. The Supreme Court granted the defendants' motion for summary judgment, reasoning that, as a matter of law, the proximate cause of Kurt Nunnenkamp's injuries was his own negligence, and "not the presence of the protruding pipe".

Initially, we note that the injured plaintiff has not demonstrated the existence of a factual question with regard to the defendants' alleged violation of Labor Law §§ 240 and 241. That is, Labor Law § 240 clearly has no application herein since Kurt Nunnenkamp was not injured as the result of "an

elevation-related hazard" *(Smith v New York State Elec. & Gas Corp.,* 82 NY2d 781, 783). Similarly, any claim of negligence based upon an alleged violation of Labor Law § 241 (6) must be rejected as a matter of law as the plaintiffs "failed to allege a violation of a specific implementing regulation promulgated under that statute" *(D'Avila v City of New York,* 205 AD2d 729; *see also, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 878). However, we find that there exist triable issues of fact with regard to the defendants' liability under Labor Law § 200, which "codifies landowners' and general contractors' common-law duty to maintain a safe workplace" *(Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505). Accordingly, that branch of the defendants' motion which was to dismiss the cause of action under Labor Law § 200 is denied *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320).

We have examined the parties' remaining contentions and find them to be either without merit *(cf., Calomino v Lincoln Plaza Tenants Corp.,* 173 AD2d 368), or academic in light of this Court's determination *(see, Van Amerogen v Donnini,* 78 NY2d 880, 883). Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.