■ Sidney Beitel et al., Respondents, v AIL Systems, Inc., et al., Respondents-Appellants, and Schumacher & Forelle, Inc., Appellant-Respondent. (Action No. 1.) (And Third-Party Actions.) Cross Ready Mix, Inc., et al., Respondents, v AIL Systems, Inc., et al., Respondents-Appellants Schumacher & Forelle, Inc., Appellant-Respondent, and Sidney Beitel, Respondent. (Action No. 2.) [647 NYS2d 87] —In related actions which were joined for trial (1) to recover damages for personal injuries, etc. (Action No. 1), and (2) to recover damages for property damage (Action No. 2), the defendant Schumacher & Forelle, Inc. appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Hall, J.), dated June 19, 1995, as denied the branches of its cross motion which were (a) for summary judgment dismissing the plaintiffs' causes of action to recover damages under Labor Law § 200 and for common-law negligence in Action No. 1 insofar as asserted against it and (b) for summary judgment dismissing the complaint in Action No. 2 insofar as asserted against it, the defendant AIL Systems, Inc., separately appeals, as limited by its brief, from stated portions of the order which, inter alia, denied the branches of its cross motion which were (a) for summary judgment dismissing the plaintiffs' causes of action to recover damages under Labor Law §§ 241 and 200 and for common-law negligence in Action No. 1 insofar as asserted against it and (b)

for summary judgment dismissing the complaint in Action No. 2 insofar as asserted against it, and the defendant Ruturra & Sons Construction Co., Inc., separately appeals from the same order.

Ordered that the appeal of the defendant Ruturra & Sons Construction Co., Inc., is dismissed for failure to perfect the same in accordance with the rules of this Court *(see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs in Action No. 1 and Action No. 2 are awarded one bill of costs payable by AIL Systems, Inc., and Schumacher & Forelle, Inc.

The Supreme Court correctly denied the branches of the defendants' respective motions which were (1) for summary judgment dismissing the plaintiffs' causes of action to recover damages under Labor Law § 200 and for common-law negligence in Action No. 1 and (2) for summary judgment dismissing the complaint in Action No. 2, as there are questions of fact as to which parties shared responsibility for this accident *(see, Macey v Truman,* 70 NY2d 918; *Nunnenkamp v Bay Point Assocs.,* 212 AD2d 585). In addition, the Supreme Court did not err in denying the branch of the motion of the defendant AIL Systems, Inc. (hereinafter AIL) which was for contractual indemnity against the defendant Ruturra & Sons Construction Co., Inc., as there are questions of fact as to whether any negligence on the part of AIL contributed to the accident *(see,* General Obligations Law § 5-322.1; *Brown v Two Exch. Plaza Partners,* 76 NY2d 172; *McGlynn v Brooklyn Hosp.-Caledonian Hosp.,* 209 AD2d 486).

The Supreme Court did not err in granting the application of the plaintiffs in Action No. 1 for leave to amend their bill of particulars to allege violations of the Industrial Code in support of their Labor Law § 241 (6) cause of action *(see, Gouveia v Games,* 178 AD2d 400). Therefore, the Supreme Court properly denied the branch of AIL's motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494). Bracken, J. P., Santucci, McGinity and Luciano, JJ., concur.