■ KENNETH GORDINEER, Appellant, v COUNTY OF ORANGE, Respondent. [613 NYS2d 247] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Barone, J.), dated September 10, 1992, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant's motion for summary judgment dismissing the complaint was properly granted. Once the defendant made out a prima facie case for summary judgment dismissing a Labor Law § 241 (6) cause of action, the plaintiff was required to show that the defendant violated a specific regulation implemented under Labor Law § 241 (6). The regulations cited by the plaintiff, 12 NYCRR 23-1.2 (c); 23-1.5 (a), are only a finding of fact and a general provision of the Industrial Code, respectively. In order to raise a triable issue as to a violation of Labor Law § 241 (6), the plaintiff was required to show that the defendant violated a provision which contains "concrete specifications" with which the defendant must comply under Labor Law § 241 (6) (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494; Long v Forest-Felhaber, 55 NY2d 154; Sisu v Wolinetz, 200 AD2d 663). The regulatory provisions cited by the plaintiff did not raise a triable issue of fact necessary to defeat the defendant's entitlement to judgment as a matter of law (see, Ross v Curtis-Palmer Hydro-Elec. Co., supra; Narrow v Crane-Logan Structural Sys., 202 AD2d 841).

In light of the foregoing determination, we need not reach the parties' remaining contentions. Sullivan, J. P., Balletta, Joy and Friedmann, JJ., concur.