■ RICHARD J. GRINDLEY et al., Respondents-Appellants, v TOWN OF EASTCHESTER et al., Appellants-Respondents. [625 NYS2d 229] —In an action to recover damages for personal injuries, etc., the defendants, Town of Eastchester and New York Telephone Company, separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered October 4, 1993, as denied the branches of their respective cross motions for summary judgment which were to dismiss the plaintiffs' cause of action pursuant to Labor Law § 241 (6), and the plaintiffs cross-appeal from so much of the same order as granted those branches of the defendants' respective cross motions for summary judgment which were to dismiss the plaintiffs' causes of action pursuant to Labor Law §§ 200 and 240 (1).

Ordered that the order is modified, on the law, by deleting the provision thereof which denied those branches of the defendants' respective cross motions which were for summary judgment dismissing the plaintiffs' cause of action pursuant to Labor Law § 241 (6), and substituting therefor a provision

granting those branches of the defendants' cross motions; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.

The plaintiffs have no cause of action under Labor Law § 240 (1) and § 241 (6). It is well established that an owner in fee will be held liable under section 240 (1) and section 241 (6) of the Labor Law even when it had no control over and did not benefit from the work performed on its land (see, Gordon v Eastern Ry. Supply, 82 NY2d 555; Celestine v City of New York, 86 AD2d 592, affd 59 NY2d 938). In addition, this Court has held that the owner of an easement was an "owner" under Labor Law § 241 (6) when he contracted for the work to be performed that would exclusively benefit his property (see, Copertino v Ward, 100 AD2d 565). In this case, however, neither the Town of Eastchester nor New York Telephone Company was an owner in fee, contracted for, or benefited from the work done by the injured plaintiff. Therefore, neither the Town of Eastchester nor New York Telephone Company are "owners" under Labor Law § 240 (1) and § 241 (6) (see, Gordon v Eastern Ry. Supply, 82 NY2d 555, supra).

In any event, the cause of action pursuant to Labor Law § 241 (6) must be dismissed because the plaintiffs failed to allege a violation of a specific implementing regulation promulgated under that statute (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494; DeMattia v Van Westerhaut Mola Social & Sport Club, 204 AD2d 594).

In addition, the plaintiffs have no cause of action pursuant to Labor Law § 200, which is a codification of common-law negligence, as the plaintiffs failed to establish that either the Town of Eastchester or New York Telephone Company had any control over the work performed by the plaintiff (see, Allen v Cloutier Constr. Corp., 44 NY2d 290). Santucci, J. P., Joy, Friedmann and Florio, JJ., concur.