■ ANDREW LAZAR et al., Appellants, v COUNTY OF ONTARIO et al., Respondents, et al., Defendant. IVERSON CONSTRUCTION CORP., Third-Party Plaintiff, v ROCHESTER ACOUSTICAL CORP., Third-Party Defendant-Respondent. [634 NYS2d 595] —Order and judgment affirmed without costs. Memorandum: Supreme Court properly dismissed the complaint. Contrary to the assertion of the dissent, the court properly determined, *inter alia,* that 12 NYCRR 23-1.28 (b) establishes only a general safety standard. That regulation requires that wheels of hand-propelled vehicles shall be "well secured" to the frames of the vehicles. In *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494, 505), the Court held that the " 'general descriptive terms' " set forth in 12 NYCRR 23-1.4 (a), which include the term "secure," establish only general safety standards rather than mandate compliance with concrete specifications. Here, plaintiff alleges that the wheel on the cart he was pushing when he was injured was not "well secured." Thus, as in *Ross,* the regulation relied on by plaintiff was "not so much a 'specific, positive command' [citation omitted] as a routine incorporation of the ordinary tort duty of care into the Commissioner's regulations" *(Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 504). That conclusion is buttressed by the distinction between welds and bolts drawn by plaintiff's expert. Clearly, a rule that required or proscribed a particular method of attachment would be a "specific, positive command[ ]" *(Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 297).

All concur except Callahan, J., who dissents in part and votes to modify in the following Memorandum.

Callahan, J. (dissenting in part). I dissent in part. On December 30, 1991, Andrew Lazar (plaintiff) was pushing a cart loaded with approximately one ton of sheetrock when one of the cart's wheels broke off, causing the load to tip and crush his left wrist against a door jamb. Plaintiff's complaint alleges, *inter alia,* a cause of action under Labor Law § 241.

"Labor Law § 241 (6) * * * requires owners and contractors 'to provide reasonable and adequate protection and safety' for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" *(Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501-502).

12 NYCRR 23-1.28 (b) concerns hand-propelled vehicles and provides: "(b) *Wheels and handles.* Wheels of hand-propelled vehicles shall be maintained free-running and well secured to the frames of the vehicles. Buggy handles shall not extend beyond the wheels on either side."

In my view, that provision of the Industrial Code is specific enough to give rise to an actionable claim under Labor Law § 241 (6). The regulation does more than establish a general safety standard; it imposes a specific affirmative duty that was violated. The duty to comply with the regulation is nondelegable, and thus a showing that a defendant exercised supervision or control over the worksite is unnecessary to a Labor Law § 241 (6) claim *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 502, *supra).* Therefore, Supreme Court erred in stating that plaintiff failed to show that defendants exercised the kind of supervisory control necessary for liability to attach.

Subdivision (b) commands that the wheels of such vehicles "shall be * * * well secured to the frames of the vehicles." The fact that the wheel fell off indicates that it was not adequately attached, and that conclusion is supported by the affidavit of plaintiff's expert, which states that "the wheels were improperly and inadequately attached to the frame of the cart * * * [by] insufficient[ ] weld[s] * * * [and] should have been attached to the frame by bolts * * * [as] the wheels were designed to be" attached. Defendants assert that the phrase "well-secured to the frames of the vehicles" is not sufficiently specific as it uses the word "secured", and the word "secure" is one of the general descriptive terms of 12 NYCRR 23-1.4 (a). While the word "secure" is a general descriptive term defined in the regulation that does not give rise to a duty under section 241 (6) *(see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 505), the term is used in a specific sense in this regulation to denote a specific condition of an aspect of the regulated equipment.

Thus, I submit that this portion of plaintiff's Labor Law § 241 (6) cause of action should be reinstated. (Appeal from Order and Judgment of Supreme Court, Ontario County, Harvey, J.— Labor Law.) Present—Pine, J. P., Lawton, Callahan, Balio and Davis, JJ.