■ TERRY WEAVER et al., Appellants, v HOWARD CHAN et al., Respondents, et al., Defendants. [638 NYS2d 145] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of (1) an order of the Supreme Court, Dutchess County (Hillery, J.), entered June 24, 1994, as granted the separate motions of the defendants (a) Howard Chan and Jean Chan, (b) Bradford H. Kendall, individually and d/b/a South Face Construction, and (c) Frank Baystr for summary judgment, and (2) a judgment of the same court, dated August 1, 1994, as dismissed the complaint insofar as it is asserted against each of those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondents, appearing separately and filing separate briefs, are awarded one bill of costs.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The Supreme Court correctly dismissed the cause of action based upon Labor Law § 240 (1), as the plaintiff Terry Weaver was not injured as a result of a gravity-related hazard *(see, Misseritti v Mark IV Constr. Co.,* 86 NY2d 487; *Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841; *Smerka v Niagara Mohawk Power Corp.,* 206 AD2d 891; *Schreiner v Cremosa Cheese Corp.,* 202 AD2d 657). The cause of action based upon Labor Law § 241 (6) was also properly dismissed because of the plaintiffs' failure to cite an appropriate regulation implementing this statute *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Lazar v County of Ontario,* 221 AD2d 916; *Vernieri v Empire Realty Co.,* 219 AD2d 593).

The causes of action based upon Labor Law § 200 and common-law negligence were also properly dismissed against all the respondents. There was no showing that the owner of

the premises had actual or constructive notice of any dangerous condition, or the ability to direct or control the work giving rise to the injuries of the plaintiff Terry Weaver *(see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876). As for the remaining respondents, there was no showing that any negligence on their part was a proximate cause of this accident.

The plaintiffs' remaining contentions are without merit. Miller, J. P., Thompson, Joy and Goldstein, JJ., concur.