■ Neil Phillips, Appellant, v City of New York, Defendant and Third-Party Plaintiff-Respondent, and New York City Department of Sanitation et al., Respondents. Dag Dee Tool Rentals, Inc., Third-Party Defendant-Respondent. [644 NYS2d 764]

The plaintiff, an employee of the third-party defendant, Dag

Dee Tool Rentals, Inc., was injured while repairing a "loader" at a landfill owned by the defendant City of New York. The City had retained the defendant Cross Bay Contracting Corp. to manage and operate the landfill. The injury occurred when the blocks the plaintiff was using to support the "drop arm" of the loader, which was at approximately the same level as his shoulder, were dislodged, causing the drop arm to fall on his hand. The Supreme Court, *inter alia,* granted the defendants' respective motions which were for summary judgment dismissing those causes of action of the complaint which were based on Labor Law § 240 (1) and § 241 (6). We affirm.

It is well settled that Labor Law § 240 (1), which imposes absolute liability, "is addressed to situations in which a worker is exposed to the risk of falling from an elevated worksite or being hit by an object falling from an elevated worksite" *(Rocovich v Consolidated Edison Co.,* 167 AD2d 524, 526, *affd* 78 NY2d 509). The statute was not designed to encompass the type of routine maintenance work performed by the plaintiff, which is "far removed from the risks associated with the construction or demolition of a building" *(Manente v Ropost, Inc.,* 136 AD2d 681, 682), and that takes place "in a non-construction, non-renovation context" *(Edwards v Twenty-Four Twenty-Six Main St. Assocs.,* 195 AD2d 592, 593).

Furthermore, "[a]n object falling from a miniscule height is not the type of elevation-related injury that this statute was intended to protect against" *(Schreiner v Cremosa Cheese Corp.,* 202 AD2d 657, 658; *see also, Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841; *Corsaro v Mt. Calvary Cemetery,* 214 AD2d 950; *Carringi v International Paper Co.,* 184 AD2d 137, 140). Here, the plaintiff was working at ground level on a piece of machinery which was also at ground level, and the drop arm that caused the injury fell, at most, from shoulder height to the level of the plaintiff's hand.

With respect to the cause of action pursuant to Labor Law § 241 (6), the plaintiff was not engaged in "construction work", as defined by the industrial code (12 NYCRR 23-1.4 [b] [13]), when he was injured *(see, Mosher v State of New York,* 80 NY2d 286; *Houde v Barton,* 202 AD2d 890). Moreover, in order to support a claim under this section, a plaintiff must allege a violation of a specific "concrete" provision of the industrial code *(Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505; *Biszick v Ninnie Constr. Corp.,* 209 AD2d 661; *Gordineer v County of Orange,* 205 AD2d 584). The plaintiff wholly failed to allege a violation of any provision of the industrial code in the complaint. Although the plaintiff alleged violations of the

industrial code in his cross motion for summary judgment, the specific provisions relied upon merely established general safety standards *(see,* 12 NYCRR 23-9.2 [a]) which do not give rise to a nondelegable duty *(see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 505; *Vernieri v Empire Realty Co.,* 219 AD2d 593; *Gordineer v County of Orange, supra).* In addition, the plaintiff may not rely on 12 NYCRR 23-9.4 (b) (2), as he was not injured while repairing one of the pieces of power equipment enumerated in that provision. Rosenblatt, J. P., Thompson, Pizzuto and Hart, JJ., concur.