■ Houchang Haghighi et al., Appellants, v Henry Bailer, Defendant and Third-Party Plaintiff-Respondent. Stroehmann Bakeries, Inc., Third-Party Defendant-Respondent. [657 NYS2d 774] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lisa, J.), dated May 17, 1996, as granted the motion of the third-party defendant for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

We agree with the Supreme Court that the activity in which the injured plaintiff was engaged at the time he fell, whether consisting of changing light bulbs or tightening and taping a loose wire nut, constituted mere routine maintenance in a non-construction, nonrenovation context and thus failed to support a claim pursuant to Labor Law § 240 *(see, Brown v Christopher St. Owners Corp.,* 87 NY2d 938; *Smith v Shell Oil Co.,* 85 NY2d 1000; *Greenwood v Shearson, Lehman & Hutton,* 238 AD2d 311; *Bermel v Board of Educ.,* 231 AD2d 663; *Howe v 1660 Grand Is. Blvd.,* 209 AD2d 934; *Cosentino v Long Is. R. R.,* 201 AD2d 528). Furthermore, the injured plaintiff neither established the requisite employment relationship with the defendant to support his claim *(see, Whelen v Warwick Val. Civic & Social Club,* 47 NY2d 970; *Meehan v Mobil Oil Corp.,* 184 AD2d 1021), nor demonstrated the existence of any defect that proximately caused his injury *(see, Katisfarakis v Central School Dist. No. 1.,* 201 AD2d 622; *Silva v 81st St. & Ave. A Corp.,* 169 AD2d 402).

The dismissal of the claim pursuant to Labor Law § 241 (6) was also proper because the accident did not arise in a construction context *(see, Jock v Fien,* 80 NY2d 965; *Phillips v City of New York,* 228 AD2d 570; *Kesselbach v Liberty Haulage,* 182 AD2d 741; *Malczewski v Cannon Design,* 125 AD2d 941) and because the injured plaintiff failed to come forward with evidence of a violation of any specific implementing regulation that proximately caused his injury *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Ares v State of New York,* 80 NY2d 959; *Carrion v Lewmara Realty Corp.,* 222 AD2d 205; *Mantovi v Nico Constr. Co.,* 217 AD2d 650).

Finally, the plaintiffs' claim pursuant to common-law negligence and Labor Law § 200 must fail since they have presented no evidence that the defendant had actual or constructive notice of any purported defect *(see, Lombardi v Stout,* 80 NY2d 290; *McCague v Walsh Constr.,* 225 AD2d 530; *Weaver v Chan,* 224 AD2d 519) or that he directed or controlled the performance of the work *(see, Briglio v J.D.K. Group,* 238 AD2d 297; *Grindley v Town of Eastchester,* 213 AD2d 448; *Rojas v County of Nassau,* 210 AD2d 390). Rosenblatt, J. P., Thompson, Sullivan and Friedmann, JJ., concur.