◼ BRIAN STRUNK et al., Respondents, v MICHAEL BUCKLEY et al., Appellants. [674 NYS2d 420] —In an action, *inter alia,* to recover damages pursuant to Labor Law §§ 200, 240, and 241, the defendants appeal from an order of the Supreme Court, Orange County (Slobod, J.), dated September 3, 1997, which (a) granted the plaintiffs' motion for summary judgment on the issue of liability on their cause of action pursuant to Labor Law § 240 (1), and (b) denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion for summary judgment is denied, the defendants' cross motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff Brian Strunk purchased from the defendant Michael Buckley, the president of the defendant Orange County Paving, Inc. (hereinafter OCP), the "dump body" (i.e., the long, wide, shallow vessel) of a damaged truck trailer owned by OCP and located on OCP's premises. Buckley accepted Strunk's offer of $1,000, on condition that the sale did not include the tailgate and the frame of the trailer. Strunk and his two brothers then dismantled the dump body from the trailer frame with their own tow truck and other equipment. Strunk was allegedly injured when the dump body slid from the frame and fell on him, after he and his brothers used blow torches to cut the pin bolts which secured the dump body to the frame.

The defendants' cross motion to dismiss the complaint was improperly denied. To invoke the protections afforded by the Labor Law, a " 'plaintiff must demonstrate that he was both

permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent' " (*Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 573, 576-577, quoting *Whelen v Warwick Val. Civic & Social Club,* 47 NY2d 970, 971; *see also, Gibson v Worthington Div.,* 78 NY2d 1108; *Chabot v Baer,* 82 AD2d 928, *affd* 55 NY2d 844). Here, Strunk, who was an experienced salvager with approximately 15 years experience, was not hired by anyone, and his claim that he was hired to demolish and alter the trailer is simply without merit. Moreover, Strunk's alleged injuries were not the result of the type of elevation-related accident that Labor Law § 240 (1) is intended to guard against (*see, Misseritti v Mark IV Constr. Co.,* 86 NY2d 487; *Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *Phillips v City of New York,* 228 AD2d 570).

Furthermore, Strunk's work did not involve "erection, demolition, repairing, altering, painting, cleaning or pointing" (Labor Law § 240 [1]), or "construction" or "excavation" work (Labor Law § 241 [6]). Thus, he was not engaged in an activity protected under Labor Law § 240 (1) or § 241 (6) (*see, Jock v Fein,* 80 NY2d 965; *Phillips v City of New York, supra*). Nor did he allege "a violation of a specific 'concrete' provision of the industrial code" (*Phillips v City of New York,* 228 AD2d 570, 571, *supra,* quoting *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505, *supra; see,* 12 NYCRR part 23) so as to sustain a claim under Labor Law § 241 (6) (*see, Haghighi v Bailer,* 240 AD2d 368; *Phillips v City of New York, supra*).

The cause of action founded on negligence and Labor Law § 200 also cannot be sustained, since the record clearly shows that the defendants did not supervise or control the work, and the injury-causing defect was the result of the methods which were being used by Strunk and his brothers to dismantle their dump body (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876; *Lombardi v Stout,* 80 NY2d 290; *Haghighi v Bailer, supra; Briglio v J.D.K. Group,* 238 AD2d 297; *Weaver v Chan,* 224 AD2d 519; *Grindley v Town of Eastchester,* 213 AD2d 448; *Genco v City of New York,* 211 AD2d 615). Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.