■ CHRISTOPHER LUTHI, Appellant-Respondent, v LONG ISLAND RESOURCE CORP., Defendant and Third-Party Plaintiff-Respondent-Appellant. SOUTHAMPTON ENTERTAINMENT ENTERPRISES, INC., Third-Party Defendant-Respondent-Appellant, et

al., Third-Party Defendants. [674 NYS2d 747] —In an action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated May 30, 1997, as granted that branch of the defendant's motion which was for summary judgment dismissing his causes of action pursuant to Labor Law § 240 (1) and § 241 (6), and denied his cross motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and (2) the defendant Long Island Resource Corp. and the third-party defendant Southampton Entertainment Enterprises, Inc., cross-appeal from stated portions of the same order.

Ordered that the cross appeals are dismissed for failure to perfect the same in accordance with the rules of this Court (22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendant Long Island Resource Corp. and third-party defendant Southampton Entertainment Enterprises, Inc., are awarded one bill of costs payable by the plaintiff.

The plaintiff was injured when he fell from a ladder while engaged in running a microphone cable through the drop ceiling of a nightclub where he was employed as a manager and maintenance worker. Following his accident, the plaintiff commenced this action against the owner of the premises seeking damages, *inter alia,* for alleged violations of Labor Law § 240 (1) and § 241 (6). The Supreme Court subsequently dismissed the plaintiff's Labor Law § 240 (1) and § 241 (6) claims, finding that the plaintiff was not entitled to the protection of these provisions because he was not performing "alteration" work at the time of his accident. We now affirm.

Labor Law § 240 (1) was designed to protect workers from elevation-related hazards in the workplace by imposing absolute liability upon any contractor or owner who fails to furnish an employee with appropriate safety devices during the "erection, demolition, repairing, [or] altering" of a building (Labor Law § 240 [1]; *see, Joblon v Solow,* 91 NY2d 457; *Brown v Christopher St. Owners Corp.,* 87 NY2d 938, 939). As the Court of Appeals recently explained in *Joblon v Solow (supra,* at 465), the term "altering" as used in the statute requires a showing that the employee was "making a *significant* physical change to the configuration or composition of the building or structure". Simple routine maintenance activities, " 'far removed from the risks associated with the construction or de-

molition of a building'" (*Phillips v City of New York,* 228 AD2d 570, 571, quoting *Manente v Ropost, Inc.,* 136 AD2d 681, 682), fall outside the scope of the statute (*Joblon v Solow, supra; Manente v Ropost, Inc., supra*). In this case, the plaintiff fell while running a borrowed microphone cable through the drop ceiling of the nightclub for a special event which was to be held on stage that evening. The borrowed cable was laid inside the ceiling panels without being attached or affixed to the structure, and was to be eventually returned. Under these circumstances, the Supreme Court properly concluded that the plaintiff was not engaged in "altering" the building within the meaning of Labor Law § 240 (1). Furthermore, the plaintiff's claim pursuant to Labor Law § 241 (6) must be dismissed because the accident did not arise in a "construction" context (*see, Joblon v Solow, supra; Haghighi v Bailer,* 240 AD2d 368). Mangano, P. J., Bracken, Krausman and McGinity, JJ., concur.