■ MARIANNA URBANO et al., Appellants, v PLAZA MATERIALS CORPORATION, Respondent, et al., Defendants. [692 NYS2d 86] —In an action to recover damages for wrongful death, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Scarpino, J.), entered January 27, 1998, which granted the motion of the defendant Plaza Materials Corporation for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The decedent, employed as a "batcher" for a company that produced asphalt, was found dead at the bottom of an asphalt bin into which he had apparently fallen. It is alleged by the plaintiffs that the decedent was repairing a latch on the bin doors at the time of the accident because the bin doors were not opening; the respondent contends that the decedent was doing a routine inspection of the bin doors to ensure that they were open.

The respondent is a liquidated corporation and the last record owner of the premises where the accident occurred. For the purposes of its motion for summary judgment, the respondent conceded ownership of the premises. The Supreme Court granted the respondent's motion, finding that the decedent was not engaged in activity within the ambit of the Labor Law at the time of his accident and that the plaintiffs had not made out a prima facie case of common-law liability. We affirm.

The plaintiffs' theory that the decedent was repairing a latch at the time of his accident is contrary to the deposition testimony, and is based solely upon inadmissible hearsay in a police report (*see, Gomes v Courtesy Bus Co.,* 251 AD2d 625; *Pitchon v City of New York,* 243 AD2d 548), and the equivocal deposition testimony of a co-worker. Further, even had the decedent been repairing a latch, an activity for which he brought no tools, such an activity would constitute routine maintenance which is not covered under Labor Law § 240 (1) (*see, Rowlett v Great S. Bay Assocs.,* 237 AD2d 183).

Additionally, the respondent cannot be held liable under Labor Law § 241 (6) since the decedent was not engaged in construction work (*see, Haghighi v Bailer,* 240 AD2d 368; *Phillips v City of New York,* 228 AD2d 570), nor under Labor Law § 200 because it did not exercise supervision or control over the work performed (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876). The respondent was an out-of-possession landowner and therefore, in the absence of control, it is not liable under the common law for injuries on the premises (*see, Dufficy v Wharf Bar & Grill,* 217 AD2d 646; *Abdul-Azim v RDC Commercial Ctr.,* 210 AD2d 191). Finally, there is no liability under the theory of res ipsa loquitur because the accident was not caused by an agency or instrumentality within the exclusive control of the respondent (*see, Breslin v Rij,* 259 AD2d 458). Bracken, J. P., S. Miller, Thompson and Sullivan, JJ., concur.