■ ROMAN ROGALA et al., Appellants, v CASPAR VAN BOURGONDIEN, Defendant and Third-Party Plaintiff-Appellant. COLISEUM MOTOR INN, Third-Party Defendant-Respondent. [693 NYS2d 204] —In an action to recover· damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Held, J.), entered September 21, 1998, as, upon an order of the same court, dated May 6, 1998, denying their motion for partial summary judgment on

the issue of liability pursuant to Labor Law § 240 (1), and granting those branches of the cross motions of the defendant Caspar Van Bourgondien, as executor of the estate of Ethel Van Bourgondien and the third-party defendant Coliseum Motor Inn, which were for summary judgment dismissing the plaintiffs' causes of action pursuant to Labor Law § 240 (1), and an order of the same court, entered July 31, 1998, which, upon reargument, granted those branches of the motions by Van Bourgondien and Coliseum Motor Inn which were for summary judgment dismissing the plaintiffs' Labor Law § 241 (6) claims, dismissed their causes of action pursuant to Labor Law § 240 (1) and § 241 (6), and Caspar Van Bourgondien, as executor of the estate of Ethel Van Bourgondien, separately appeals from so much of the same order and judgment entered September 21, 1998, as denied that branch of his cross motion which was for summary judgment on his claim for common-law indemnification against the third-party defendant Coliseum Motor Inn.

Ordered that the order and judgment entered September 21, 1998, is affirmed insofar as appealed from by the plaintiffs; and it is further,

Ordered that the appeal by the defendant Caspar Van Bourgondien is dismissed as academic; and it is further,

Ordered that the defendant Caspar Van Bourgondien, as executor of the estate of Ethel Van Bourgondien, is awarded one bill of costs payable by the plaintiffs.

The plaintiff Roman Rogala fell from a ladder while installing and/or replacing window screens at the third-party defendant motel, Coliseum Motor Inn (hereinafter the Motor Inn), which was located on land owned by the estate of Ethel Van Bourgondien (hereinafter the Estate). Mr. Rogala, who was a handyman employed by the Motor Inn, and his wife commenced this action against the Estate pursuant to, *inter alia*, Labor Law § 240 (1) and § 241 (6). The Estate thereafter commenced a third-party action against the Motor Inn seeking common-law indemnification.

We agree with the Supreme Court's finding that Mr. Rogala was not engaged in activity covered by Labor Law § 240 (1). Contrary to the plaintiffs' contention, Mr. Rogala was not "making a *significant* physical change to the configuration or composition of the building" at the time of his accident and, therefore, was not engaged in "altering" the motel within the meaning of Labor Law § 240 (1) (*Joblon v Solow,* 91 NY2d 457, 465 [emphasis in original]; *Czaska v Lenn Lease,* 251 AD2d 965). Nor was Mr. Rogala engaged in repair work. Rather, he was

performing routine maintenance (*see, Edwards v Twenty-Four Twenty-Six Main St. Assocs.*, 195 AD2d 592).

Dismissal of the Labor Law § 241 (6) claim was also proper where, as here, the accident at issue "did not arise in a 'construction' context" (*Luthi v Long Is. Resource Corp.*, 251 AD2d 554, 556).

In light of our determination, it is unnecessary to address the parties' remaining contentions, including the merits of the Estate's appeal. Those issues are academic since we have found that dismissal of the plaintiffs' claims pursuant to Labor Law § 240 (1) and § 241 (6) was proper. Thompson, J. P., Sullivan, Altman and Florio, JJ., concur.