■ GIUSEPPE DI GIACOMO et al., Appellants, v METROPOLITAN LIFE INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Respondent. NATIONAL CLEANING CONTRACTORS, Now Known as ISS CLEANING SERVICE GROUP, INC., Third-Party Defendant-Respondent. [737 NYS2d 385] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated September 12, 2000, as granted those branches of the defendant's cross motion which were for summary judgment dismissing their causes of action based on Labor Law § 241 (6) and § 200 and common-law negligence.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the cross motion which were to dismiss the plaintiffs' causes of action based on Labor Law § 200 and common-law negligence, and substituting therefor provisions denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly dismissed the plaintiffs' cause of action alleging a violation of Labor Law § 241 (6), since the accident did not arise in a construction context (see, Jock v Fien, 80 NY2d 965; Paciente v MBG Dev., 276 AD2d 761; Urbano v Plaza Materials Corp., 262 AD2d 307; Houchang Haghighi v Bailer, 240 AD2d 368).

However, summary judgment should have been denied with respect to the plaintiffs' causes of action based on Labor Law § 200 and common-law negligence. The accident was caused by water leaking from a crack in the exterior wall of the elevator motor room in a building owned by the defendant. The crack

was more than five feet long and the plaintiff Guiseppe Di Giacomo testified at his examination before trial that the crack was visible for a year before the accident. He also observed water on the floor in the area of the crack, leaking onto the top of the elevator. Accordingly, there are questions of fact as to whether the defect was discoverable by reasonable inspection, and whether it was foreseeable that the crack in the exterior wall would cause water leakage (*see, Bliss v Londner,* 20 AD2d 640). Santucci, J.P., Altman, Goldstein and Schmidt, JJ., concur.