■ MICHAEL J. KEENAN, Appellant, v JUST KIDS LEARNING CENTER et al., Defendants and Third-Party Plaintiffs-Respondents. PATRICK WRIGHT, Doing Business as PROFESSIONAL ROOFING, et al., Third-Party Defendants-Respondents.
[747 NYS2d 393]

It is well settled that to assert an actionable claim under Labor Law § 240 (1), a plaintiff must show that he was injured during "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]; *see Martinez v City of New York*, 93 NY2d 322, 325; *Joblon v Solow*, 91 NY2d 457, 464; *Luthi v Long Is. Resource Corp.*, 251 AD2d 554, 555). In the present case, the defendants established their prima facie entitlement to summary judgment by submitting evidence demonstrating that the plaintiff was injured while on a lunch break, and that he was not engaged in the type of activity covered under Labor Law § 240 (1) (*see Martinez v City of New York*, *supra*; *Joblon v Solow*, *supra*; *Luthi v Long Is. Resource Co.*, *supra*).

In opposition to the defendants' motion for summary judg-

ment, the plaintiff submitted an affidavit which directly contradicted his earlier deposition testimony. This submission clearly constituted an attempt to avoid the consequences of the plaintiff's earlier admissions by raising feigned issues of fact, and was insufficient to avoid summary judgment (*see Barretta v Trump Plaza Hotel & Casino,* 278 AD2d 262, 263; *Bloom v La Femme Fatale of Smithtown,* 273 AD2d 187; *Califano v Campaniello,* 243 AD2d 528, 529-530).

The plaintiff's Labor Law § 241 (6) cause of action was also properly dismissed because the accident did not arise in a construction context (*see Jock v Fien,* 80 NY2d 965; *Urbano v Plaza Materials Corp.,* 262 AD2d 307, 308; *Haghighi v Bailer,* 240 AD2d 368), and because the plaintiff failed to produce any evidence of a violation of any specific implementing regulation (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Greenwood v Shearson, Lehman & Hutton,* 238 AD2d 311, 312-313; *Weaver v Chan,* 224 AD2d 519).

Thus, the defendants established their prima facie entitlement to summary judgment with respect to the Labor Law § 241 (6) claim. The plaintiff, in opposition, failed to raise a triable issue of fact. Altman, J.P., Goldstein, H. Miller and Rivera, JJ., concur.