■ MARIANA MARTINEZ et al., Respondents, v WHITE COTTAGE ENTERPRISES, Appellant-Respondent, and CENTENNIAL III REALTY, Defendant and Third-Party Plaintiff-Respondent-Appellant. WATER-TIGHT GUTTER Co., Third-Party Defendant-Respondent. [768 NYS2d 500]—

In an action to recover damages for personal injuries, etc., (1) the defendant White Cottage Enterprises appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Werner, J.), dated October 1, 2002, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, (2) the defendant third-party plaintiff, Centennial III Realty, cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and granted the motion of the third-party defendant for summary judgment dismissing the third-party complaint, and (3) the defendant third-party plaintiff, Centennial III Realty, appeals from so much of an order of the same court dated March 17, 2003, as, upon reargument, adhered to the prior determination denying its cross motion.

Ordered that the cross appeal from so much of the order dated October 1, 2002, as denied the cross motion is dismissed, as that

portion of the order was superseded by the order dated March 17, 2003, made upon reargument; and it is further,

Ordered that the order dated October 1, 2002, is affirmed insofar as appealed from and reviewed; and it is further,

Ordered that the order dated March 17, 2003, is affirmed insofar as appealed from by the defendant third-party plaintiff; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs and the third-party defendant payable by the defendants.

The plaintiff Mariana Martinez (hereinafter the plaintiff) and her husband Jose Martinez leased a one-family home located in Coram, New York. The premises were owned by the defendant White Cottage Enterprises (hereinafter White Cottage). The defendant third-party plaintiff, Centennial III Realty (hereinafter Centennial), was the management company for the premises. Sometime in 1995, Jose Martinez informed Centennial that the gutters above the front porch were leaking. Centennial received authorization from White Cottage to have the gutters replaced, and retained the third-party defendant Water-Tight Gutter Co. (hereinafter Water-Tight) to perform the job.

On February 16, 1996, the plaintiff allegedly slipped and fell on ice near the front porch of her premises. At her examination before trial, the plaintiff testified that after the gutters were repaired, when it rained, the gutter above her front porch would leak water onto the area where she fell. Contrary to White Cottage and Centennial's assertions, the plaintiff presented evidence in her deposition testimony that the condition recurred over a period of time with each successive rainfall, thereby putting them on constructive notice of the danger (*see David v New York City Hous. Auth.*, 284 AD2d 169, 171 [2001]). Accordingly, White Cottage and Centennial were not entitled to summary judgment dismissing the complaint insofar as asserted against them as there are questions of fact as to whether the defect was discoverable by reasonable inspection, and whether it was foreseeable that the gutter over the front porch would cause water leakage (*see Di Giacomo v Metropolitan Life Ins. Co.*, 291 AD2d 429, 430 [2002]).

Centennial contends that the Supreme Court erroneously granted Water-Tight's motion for summary judgment, since, if the gutters did leak, then Water-Tight created the hazardous condition. Centennial's contention is without merit, since Water-Tight's duties were limited to installing new gutters, and there was no indication that the plaintiff detrimentally relied on the continued performance of Water-Tight's duties or that its "actions have advanced to such a point as to have launched a force

or instrument of harm" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 142 [2002] [internal quotation marks omitted]).

The remaining contentions of White Cottage and Centennial are without merit. Florio, J.P., Friedmann, Townes and Cozier, JJ., concur.