■ HULDA ENGELS, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [776 NYS2d 837]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Queens County (Flug, J.), entered February 5, 2003, as granted those branches of the motion of the defendant City of New York and the separate motion of the defendants Colton Condominium, MPJ Realty, Inc., and Leonard Jacobs, which were for summary judgment dismissing the causes of action to recover damages pursuant to Labor Law § 240 (1) and § 241 (6) insofar as asserted against them, and (2) a judgment of the same court entered March 13, 2003, as, upon the order, dismissed those causes of action insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The causes of action based on Labor Law § 240 (1) and § 241 (6) were properly dismissed insofar as asserted against the respondents since the plaintiff was not involved in the construction or alteration of a structure or building at the time of her fall (*see Joblon v Solow,* 91 NY2d 457 [1998]; *Rogala v Van Bourgondien,* 263 AD2d 535, 536-537 [1999]; *Luthi v Long Is. Resource Corp.,* 251 AD2d 554 [1998]; *Tanzer v Terzi Prods.,* 244 AD2d 224 [1997]).

In light of our determination, we need not reach the parties' remaining contentions. Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.