■ YACOMO COYAGO, Appellant-Respondent, v MAPA PROPERTIES, INC., Respondent-Appellant. [901 NYS2d 616]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered May 7, 2009, which, in this action seeking damages for personal injuries suffered in a work-related accident, granted defendant's motion for summary judgment dismissing plaintiff's Labor Law claims to the extent of dismissing plaintiff's Labor Law § 241 (6) claim, unanimously modified, on the law, to dismiss plaintiff's common-law negligence and Labor Law § 200 claims, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.

Plaintiff, a torch operator employed by nonparty Brookfield Auto Wreckers, was directed to dismantle a boat at a facility, on premises leased to Brookfield by defendant, where assorted items were regularly brought for demolition and sold for their component parts. Plaintiff was using a flame torch to demolish the boat when an explosion occurred, causing him to sustain injury.

A Labor Law § 241 (6) claim requires that there be a violation of some specific safety standard (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502, 505 [1993]), and plaintiff has invoked, in part, 12 NYCRR 23-1.25 (f). However, even assuming the applicability of this Industrial Code regulation, Labor Law § 241 (6) only provides protection "to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348 [1998]), and it is clear that plaintiff was not, at the time of his injury, engaged in construction or excavation. Regarding demolition, which is defined by 12 NYCRR 23-1.4 (b) (16) as "[t]he work incidental to or associated with the total or partial dismantling

or razing of a building or other structure including the removing or dismantling of machinery or other equipment" (*see also Baranello v Rudin Mgt. Co.*, 13 AD3d 245, 245-246 [2004], *lv denied* 5 NY3d 706 [2005]), the mere act of dismantling a vehicle, whether a boat, a car or otherwise, unrelated to any other project, is not the sort of demolition intended to be covered by Labor Law § 241 (6) (*see Caban v Maria Estela Houses I Assoc., L.P.*, 63 AD3d 639, 639-640 [2009]).

As for plaintiff's claim under Labor Law § 200, which "is a codification of the common-law duty imposed upon an owner or general contractor to maintain a safe construction site" (*Rizzuto* at 352), it is "an implicit precondition to this duty . . . that the party to be charged with that obligation 'have the authority to control the activity bringing about' the injury to enable it to avoid or correct an unsafe condition' " (*id.* at 352 [emphasis and citations omitted]). In the instant matter, there is absolutely no allegation that defendant had the authority to direct, control or manage the activity in which plaintiff was engaged and which caused the injury. Thus, the common-law negligence and Labor Law § 200 causes of action should also have been dismissed. Concur—Tom, J.P., Friedman, Nardelli, Acosta and Abdus-Salaam, JJ. a