■ MARK E. FEINBERG et al., Appellants, v GEMINIANO SANZ et al., Defendants/Third-Party Plaintiffs-Respondents. VALANA CONSTRUCTION CORP., Third-Party Defendant-Respondent. [982 NYS2d 133]—

In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Vaughan, J.), entered November 7, 2012, as granted that branch of the motion of the defendants/third-party plaintiffs which was for summary judgment dismissing the complaint, and (2) so much of a judgment of the same court entered November 7, 2012, as, upon the order, is in favor of the defendants/third-party plaintiffs and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants/third-party plantiffs-respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

At about 7:00 on the evening of July 31, 2008, the decedent fell to his death from the roof of a five-story building in Manhattan allegedly owned by the defendants/third-party plaintiffs (hereinafter the defendants). On the date of the accident, the decedent was employed by the third-party defendant, Valana Construction Corp. (hereinafter Valana), as a "helper" on a project to replace the building's roof and perform facade restoration work. The defendants' contract with Valana provided that working hours for the project were to be between 8:00 a.m. and 5:00 p.m. According to the defendants, the contract limited

working hours so that tenants would not be disturbed when they returned home in the evening. At a deposition, Valana's president testified that in keeping with the contract, all work and clean-up on the project was always completed by 5:00 p.m., and that the decedent was never given overtime. In addition, one of the decedent's coworkers testified at a Workers' Compensation hearing that everyone finished working at 4:30 p.m. on the day of the decedent's accident, and that no one worked overtime that day. A police lieutenant who responded to the accident scene within minutes after receiving a report of the decedent's fall observed that the construction site appeared to have been "closed up for the workday," and items were covered by protective tarps. Both the lieutenant and the defendants' managing agent observed beer bottles and cans on the roof. A forensic toxicology report included in the decedent's autopsy report indicated that his blood alcohol content was .20%.

The plaintiffs commenced this action alleging violations of Labor Law §§ 240 (1) and 241 (6), and common-law negligence. After depositions had been conducted, the defendants moved, inter alia, for summary judgment dismissing the complaint. In support of their motion, the defendants primarily contended that the accident had occurred after the completion of the work day when the decedent was no longer engaged in any activity protected by the Labor Law, and that the decedent's intoxication was the sole proximate cause of his fall from the roof. In opposition to the motion, the plaintiffs argued that there was a triable issue of fact as to whether the decedent's accident was work-related. The plaintiffs' position was based, inter alia, upon the deposition testimony of the plaintiff Claudia Valerio, the decedent's widow, who testified that at about 5:30 p.m. on the day of the accident, the decedent called her to say that he was "going to work overtime." The Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

The defendants made a prima facie showing of their entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6). The defendants established, prima facie, that the decedent was not engaged in any of the enumerated activities protected under Labor Law §§ 240 (1) and 241 (6) at the time of his fall by presenting evidence that the accident occurred at approximately 7:00 p.m., long after the decedent and his coworkers had completed their work for the day (see *Beehner v Eckerd Corp.*, 3 NY3d 751, 752 [2004]; *Ferenczi v Port Auth. of N.Y. & N.J.*, 34 AD3d 722, 724 [2006]; *Keenan v Just Kids Learning Ctr.*, 297

AD2d 708 [2002]). In opposition, the plaintiffs failed to raise a triable issue of fact. Although hearsay evidence may be considered in opposition to a motion for summary judgment, such evidence alone is not sufficient to defeat the motion (*see 111-38 Mgt. Corp. v Benitez*, 107 AD3d 862, 865 [2013]; *Sprotte v Fahey*, 95 AD3d 1103, 1104-1105 [2012]; *Mallen v Farmingdale Lanes, LLC*, 89 AD3d 996, 997 [2011]; *Roldan v New York Univ.*, 81 AD3d 625, 627 [2011]). The hearsay evidence that the decedent told Claudia Valerio at about 5:30 p.m. on the date of the accident that he was going to work overtime was insufficient, when combined with the plaintiffs' limited nonhearsay submissions, to raise a triable issue of fact as to whether the decedent was actually engaged in a statutorily protected work activity at the time of his fall.

The defendants also made a prima facie showing of their entitlement to judgment as a matter of law dismissing the cause of action alleging common-law negligence based on their claim that the decedent's intoxication was the sole proximate cause of his fall. The common-law negligence cause of action is premised on the defendants' alleged failure to provide the decedent with a safe work place, including proper safety devices to protect against a fall. However, in light of the defendants' prima facie showing that the decedent's accident occurred after work had been completed and the work site closed for the day, and the plaintiffs' failure to raise an issue of fact in that regard, the absence of safety devices cannot be deemed a proximate cause of the decedent's non-work-related fall (*see McNally v Sabban*, 32 AD3d 340, 341-342 [2006]; *cf. Moran v 200 Varick St. Assoc., LLC*, 80 AD3d 581, 582 [2011]; *Podbielski v KMO-361 Realty Assoc.*, 294 AD2d 552, 553-554 [2002]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Eng, P.J., Balkin, Sgroi and Cohen, JJ., concur.