Guevarra v Wreckers Realty, LLC (2019 NY Slip Op 00859)





Guevarra v Wreckers Realty, LLC


2019 NY Slip Op 00859


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2016-05488
 (Index No. 501547/12)

[*1]Jhonny Guevarra, appellant,
v
Wreckers Realty, LLC, respondent.


Lawrence P. Biondi, White Plains, NY, for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Helmut Beron, Patrick J. Lawless, and I. Elie Herman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Arthur M. Schack, J.), dated April 25, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was sweeping the floor at Jet Auto Wreckers (hereinafter Jet) when a piece of a skidloader being used to hoist a car engine broke and fell onto him. The plaintiff commenced this personal injury action against the defendant, the owner of the premises Jet was renting at the time, alleging common-law negligence and violations of Labor Law §§ 240(1) and 241(6). Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint. The plaintiff cross-moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. The plaintiff appeals.
Labor Law § 240(1) is applicable to "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure." The dismantling of a vehicle unrelated to a building or a structure is not a protected activity under that statute (see Strunk v Buckley, 251 AD2d 491). Further, the sweeping being performed by the plaintiff at the time of the accident cannot be characterized as "cleaning" within the meaning of the statute, as it was the type of routine maintenance that occurs in any type of premises, did not require specialized tools, and could be accomplished "using tools commonly found in a domestic setting" (Soto v J. Crew Inc., 21 NY3d 562, 569). Thus, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 240(1) cause of action. In opposition, the plaintiff failed to raise a triable issue of fact.
Labor Law § 241(6) only provides protection "to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 348). The plaintiff was not engaged in [*2]construction or excavation at the time of the accident, and the "the mere act of dismantling a vehicle, whether a boat, a car or otherwise, unrelated to any other project, is not the sort of demolition intended to be covered by Labor Law § 241 (6)" (Coyago v Mapa Props., Inc., 73 AD3d 664, 665). Thus, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 241(6) cause of action. In opposition, the plaintiff failed to raise a triable issue of fact.
The defendant also established its prima facie entitlement to judgment as a matter of law dismissing the common-law negligence cause of action. The defendant's submissions demonstrated, prima facie, that the defendant did not supervise or control the work, and the injury-causing defect was the result of the methods being used by Jet to remove and transport a car engine (see Strunk v Buckley, 251 AD2d at 492). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint and to deny the plaintiff's cross motion for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action.
RIVERA, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court