**O'Brien v Tectonic Blds. Inc.**

2024 NY Slip Op 34144(U)

November 25, 2024

Supreme Court, New York County

Docket Number: Index No. 150670/2019

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. LYLE E. FRANK

*Justice*

PART      11M

---------------------------------------------------------------------------X

KEVIN O'BRIEN,

Plaintiff,

- v -

TECTONIC BUILDERS INC.,CELINE INC.,650 MADISON OWNERS, LLC,

Defendant.

---------------------------------------------------------------------------X

650 MADISON OWNERS, LLC

Plaintiff,

-against-

DAL ELECTRICAL CORPORATION

Defendant.

---------------------------------------------------------------------------X

INDEX NO.        150670/2019

MOTION DATE      05/21/2024

MOTION SEQ. NO.      004

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595235/2020

The following e-filed documents, listed by NYSCEF document number (Motion 004) 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 202, 207, 208, 209, 210, 211, 215

were read on this motion to/for _____ JUDGMENT - SUMMARY _____.

This action arises out of injuries allegedly sustained at a construction site. Plaintiff seeks an order granting partial summary judgment holding defendants/third-party plaintiffs Tectonic Builders Inc., Celine Inc., and 650 Madison Owners, LLC, liable for violations of Labor Law § 241(6) and permitting plaintiff to supplement or amend his bill of particulars to allege violation of Industrial Code Rules 23-1.7(e)(1) and deeming the previously filed Supplemental Bill of Particulars timely, *nunc pro tunc*. Defendants/third-party plaintiffs oppose the instant motion. For the reasons set forth below, the motion is granted in part.

## Background

On January 9, 2024, plaintiff was employed as a marble finisher, by Enright Marble & Tile Corp., helping to install marble flooring in the retail space being renovated to house a new Celine store at 650 Madison Avenue, in Manhattan, New York.

The accident occurred as plaintiff was heading to the bathroom. There was no direct access to the bathroom from the Celine retail space. Instead, the workers had to go through the staging area in the adjacent empty storefront, and then walk up a ramp or the stairs to a slightly elevated level of the floor, turn left, go through a doorway, turn right, and go down a staircase to the basement where the bathroom was located. Plaintiff tripped and fell on the ramp that was used to access the bathroom from inside the store.

## Summary Judgment Standard

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 [1st Dept 1989]. As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851 [1985]. Courts have also recognized that summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

## Labor Law §241(6)

[* 2]

Labor Law § 241(6) states in pertinent part that "all areas in which *construction, excavation or demolition* work is being performed shall be so constructed … as to provide reasonable and adequate protection and safety to the persons employed therein…". To recover under § 241(6), plaintiff needs to establish that first, the type of work plaintiff was performing at the time of injury is within the coverage of the law, i.e., it is among construction, excavation or demolition work; second, which Industrial Code Rules have been violated by defendants.

It is well settled law that for there to be liability pursuant to Labor Law § 241(6), there must be a violation shown of the Industrial Code. *See e.g., Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993] (§241(6) imposes a non-delegable duty upon owners and general contractors and their agents for violation of the statute).

Coverage under Labor Law §241(6) is withheld where the alleged injury occurred outside the context of a construction, demolition or excavation work. See *Nagel v D & R Realty Corp.*, 99 NY2d 98, 103 [2002]; *Keenan v Just Kids Learning Ctr.*, 297 AD2d 708, 708 [2nd Dept].

Here, it is undisputed that plaintiff was not engaged in any construction, demolition or excavation work, at the time of his injury, rather plaintiff was going to the bathroom. As a threshold issue, plaintiff has not established that at the time of his injury he was engaged in activity that is protected under the Labor Law § 241(6). Consequently, the court does not reach the issue of the specific Industrial Code violations cited. Accordingly, it is hereby

ADJUDGED that plaintiff's motion for summary judgment is denied; and it is further

ADJUDGED that the portion of plaintiff's motion seeking to amend its bill of particulars is granted without opposition.

20241125161237LFRANK7E942?4D8AB8457688677E72CDD4964F

**11/25/2024**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |